*** FILED: BROWARD COUNTY, FL. HOWARD FORMAN, CLERK 8/21/2013 4:17:15 PM ****

MOISES ORE vs. TRICAM and HOME DEPOT

IN THE CIRCUIT COURT OF THE SEVENTEENTH JUDICIAL
CIRCUIT IN AND FOR BROWARD COUNTY, FLORIDA

GENERAL CIVIL DIVISION
CASE NO.:

MOISES ORE and
NOEMI ORE, his wife,

     Plaintiff,

vs.

TRICAM INDUSTRIES, INC.,
a foreign corporation, and
HOME DEPOT USA, INC.
a foreign corporation,

     Defendants.

_____/

## COMPLAINT

     Plaintiffs, MOISES ORE and NOEMI ORE, his wife, by and through undersigned counsel, sue the Defendants, TRICAM INDUSTRIES, INC. ("TRICAM") and HOME DEPOT USA, INC. ("HOME DEPOT") and allege the following:

     1.     This is an action for damages which exceed Fifteen Thousand and no/100 ($15,000.00) dollars.

     2.     The Plaintiffs, MOISES ORE and NOEMI ORE, his wife, are and were at all times material to this Complaint lawful residents of Broward County, Florida, and are otherwise *sui juris*. At all times material to this Complaint the Plaintiffs, MOISES ORE and NOEMI ORE were lawfully married.

     3.     The Defendant, TRICAM, is and was at all times material to this Complaint a foreign corporation doing business in Broward County, FL.

1

MOISES ORE vs. TRICAM and HOME DEPOT

4. The Defendant, HOME DEPOT, is and was at all times material to this Complaint a foreign corporation doing business in Broward County, FL.

## FACTS

5. On or about April 6, 2012, MOISES ORE was injured as he attempted to use a Husky brand step ladder ("ladder") that was placed into the stream of commerce by TRICAM and HOME DEPOT who are the designer, manufacturer, distributor and seller of the ladder in Broward County, FL.

6. The ladder was equipped with rivets that held movable joints together at various points on the ladder.

7. One or more of the rivets failed under normal use causing the ladder to fail and causing MOISES ORE to fall.

8. The Plaintiff, MOISES ORE, was injured when he attempted to use the ladder that unexpectedly failed causing him to fall to the ground. This failure occurred during normal operation of the ladder without warning to the Plaintiff, MOISES ORE.

9. The Defendant, TRICAM, at all times material hereto was in a position to correct any and all design, manufacturing and warning defects in the ladder before it was sold and/or placed into the stream of commerce.

10. The Defendant, TRICAM, at all times material hereto controlled the design and manufacturing of the ladder and controlled the warnings that were affixed to the ladder.

11. The Defendant, HOME DEPOT, at all times material hereto was in a position to

2

correct any and all design, manufacturing and warning defects in the ladder before it was sold and/or placed into the stream of commerce.

12. The Defendant, HOME DEPOT, at all times material hereto controlled the design and manufacturing of the Ladder and controlled the warnings that were affixed to the ladder.

### COUNT 1, STRICT LIABILITY: MANUFACTURING DEFECT, DESIGN DEFECT AND FAILURE TO WARN AGAINST TRICAM

Plaintiffs incorporate paragraphs 1 through 12 herein.

13. At all times material, Defendant supplied, sold and/or distributed a ladder that was unreasonably dangerous and defectively designed and manufactured because the rivets could fail during normal use and injure the user without warning.

14. From the time that the ladder was designed and manufactured to the time of the incident that forms the basis of this complaint, no material alterations were made to the ladder and it reached the user without substantial change affecting its condition.

15. At all times material hereto, the ladder was defective and unreasonably dangerous in one of more of the following manners:

      a.    the rivets on the ladder could suddenly break without warning while the user was on the ladder during normal and foreseeable use; and,

      b.    the ladder did not adequately warn the user of its dangerous potential to fail while the user was on the ladder during normal and foreseeable use and adequately warn that the rivets could fail and cause serious injury.

16. Due to the defects elaborated in paragraphs 15a and 15b above, the ladder was defective and unreasonably dangerous because its risks of use far outweighed any benefit to either

3

the Plaintiff or the general public.

17.     Due to the defects elaborated in paragraphs 15a and 15b above, the ladder was dangerous beyond the expectation of the ordinary and reasonable user, when used as intended, or in a manner reasonably foreseeable by the Defendant.

18.     As a result of these defects, when Plaintiff used the ladder it suddenly failed without warning causing him to fall the ground and become severely injured.

19.     As a result, the Plaintiff suffered bodily injury and resulting pain and suffering, disability, disfigurement, mental anguish, loss of capacity for the enjoyment of life, expense of hospitalization, medical and nursing care and treatment, aggravation of a previously existing condition, lost earnings in the past and loss of earning capacity in the future. The losses are either permanent or continuing and the Plaintiff will suffer the losses in the future.

WHEREFORE, Plaintiff demands judgment for damages against Defendant including interest and costs of this action and such other and further relief as this Court deems just and proper.

## COUNT 2, NEGLIGENT DESIGN, MANUFACTURE AND WARNING AGAINST TRICAM

Plaintiffs incorporate paragraphs 1through 19 herein.

20.     At all times material hereto, the Defendant owed the Plaintiff a duty to provide a product that was reasonably safe for its intended use and to warn of the dangers associated with the use of the ladder.

21.     At all times material hereto, Defendant breached its duty by failing to exercise

4

reasonable care in the design, manufacture, and/or distribution of the ladder in one or more of the following manners:

      a.    the rivets on the ladder could suddenly fail without warning while the user was on the ladder during normal and foreseeable use; and,

      b.    the ladder did not adequately warn the user of its dangerous potential to unexpectedly fail and cause serious injury.

22.    At all times material, Defendant knew, or in the exercise of reasonable care should have known, that the ladder was defective, unreasonably dangerous and/or hazardous, and did not contain adequate warnings.

23.    As a result when Plaintiff used the ladder it suddenly failed without warning causing him to fall the ground and become severely injured.

24.    As a result, the Plaintiff suffered bodily injury and resulting pain and suffering, disability, disfigurement, mental anguish, loss of capacity for the enjoyment of life, expense of hospitalization, medical and nursing care and treatment, aggravation of a previously existing condition, lost earnings in the past and loss of earning capacity in the future. The losses are either permanent or continuing and the Plaintiff will suffer the losses in the future.

WHEREFORE, Plaintiff demands judgment for damages against Defendant including interest and costs of this action and such other and further relief as this Court deems just and proper.

## COUNT 3, STRICT LIABILITY: MANUFACTURING DEFECT,

## DESIGN DEFECT AND FAILURE TO WARN AGAINST HOME DEPOT

Plaintiffs incorporate paragraphs 1through 12 herein.

26.     At all times material, Defendant supplied, sold and/or distributed a ladder that was unreasonably dangerous and defectively designed and manufactured because the rivets could fail during normal use and injure the user without warning.

27.     From the time that the ladder was designed and manufactured to the time of the incident that forms the basis of this complaint, no material alterations were made to the ladder and it reached the user without substantial change affecting its condition.

28.     At all times material hereto, the ladder was defective and unreasonably dangerous in one of more of the following manners:

a.      the rivets on the ladder could suddenly break without warning while the user was on the ladder during normal and foreseeable use; and,

b.      the ladder did not adequately warn the user of its dangerous potential to fail while the user was on the ladder during normal and foreseeable use and adequately warn that the rivets could fail and cause serious injury.

29.     Due to the defects elaborated in paragraphs 28a and 28b above, the ladder was defective and unreasonably dangerous because its risks of use far outweighed any benefit to either Plaintiff or the general public.

30.     Due to the defects elaborated in paragraphs 28a and 28b above, the ladder was dangerous beyond the expectation of the ordinary and reasonable user, when used as intended, or in a manner reasonably foreseeable by the Defendant.

31.     As a result of these defects, when Plaintiff used the ladder it suddenly failed without warning causing him to fall the ground and become severely injured.

32.     As a result, the Plaintiff suffered bodily injury and resulting pain and suffering,

disability, disfigurement, mental anguish, loss of capacity for the enjoyment of life, expense of hospitalization, medical and nursing care and treatment, aggravation of a previously existing condition, lost earnings in the past and loss of earning capacity in the future. The losses are either permanent or continuing and the Plaintiff will suffer the losses in the future.

WHEREFORE, Plaintiff, MOISES ORE, demands judgment for damages against Defendant including interest and costs of this action and such other and further relief as this Court deems just and proper.

## COUNT 4, NEGLIGENT DESIGN, MANUFACTURE AND WARNING AGAINST HOME DEPOT

Plaintiffs incorporate paragraphs 1 through 12 and 26 through 32 herein.

33.    At all times material hereto, the Defendant owed the Plaintiff a duty to provide a product that was reasonably safe for its intended use and to warn of the dangers associated with the use of the ladder.

34.    At all times material hereto, Defendant breached its duty by failing to exercise reasonable care in the design, manufacture, and/or distribution of the ladder in one or more of the following manners:

        a.    the rivets on the ladder could suddenly fail without warning while the user was on the ladder during normal and foreseeable use; and,

        b.    the ladder did not adequately warn the user of its dangerous potential to unexpectedly fail and cause serious injury.

7

MOISES ORE vs. TRICAM and HOME DEPOT

35. At all times material, Defendant knew, or in the exercise of reasonable care should have known, that the ladder was defective, unreasonably dangerous and/or hazardous, and did not contain adequate warnings.

36. As a result when Plaintiff used the ladder it suddenly failed without warning causing him to fall the ground and become severely injured.

37. As a result, the Plaintiff suffered bodily injury and resulting pain and suffering, disability, disfigurement, mental anguish, loss of capacity for the enjoyment of life, expense of hospitalization, medical and nursing care and treatment, aggravation of a previously existing condition, lost earnings in the past and loss of earning capacity in the future. The losses are either permanent or continuing and the Plaintiff will suffer the losses in the future.

WHEREFORE, Plaintiff demands judgment for damages against Defendant including interest and costs of this action and such other and further relief as this Court deems just and proper.

### COUNT 5, LOSS OF CONSORTIUM AGAINST TRICAM

Plaintiffs incorporate paragraphs 1 through 25 herein.

38. NOEMI ORE has as a direct and proximate result of the aforementioned negligence of the Defendant causing injury to MOISES ORE lost the services, society, companionship and consortium of her husband, and has incurred the responsibility of paying for his medical expenses and care. These losses are either permanent or continuing and the Plaintiff will suffer these losses in the future.

8

MOISES ORE vs. TRICAM and HOME DEPOT

WHEREFORE, the Plaintiff sues the Defendant for damages, attorney fees, costs, interest and any other relief which this Court deems just and proper.

## COUNT 6, LOSS OF CONSORTIUM AGAINST HOME DEPOT

Plaintiffs incorporate paragraphs 1 through 12 AND 26 THROUGH 37 herein.

38.     NOEMI ORE has as a direct and proximate result of the aforementioned negligence of the Defendant causing injury to MOISES ORE lost the services, society, companionship and consortium of her husband, and has incurred the responsibility of paying for his medical expenses and care. These losses are either permanent or continuing and the Plaintiff will suffer these losses in the future.

WHEREFORE, the Plaintiff sues the Defendant for damages, attorney fees, costs, interest and any other relief which this Court deems just and proper.

## DEMAND FOR JURY TRIAL

39.     Plaintiffs hereby demand trial by jury of all issues so triable as a matter of right.

DATED THIS 21st day of August 2013.

> ABRAMOWITZ, POMERANTZ & COFFEY, P.A.
> Attorneys for the Plaintiff
> Belle Terre of Sunrise - Suite 101A
> 7800 West Oakland Park Boulevard
> Sunrise, Florida  33351
> (954) 572-7200 [Broward]
> (954) 748-6488 [Fax]
> sam@floridainjurylawyers.com
> maria@abrpom.com
> pleadings@abrpom.com
> BY: _____
>       SAMUEL A. COFFEY, ESQ.
>       Florida Bar No. 71838

9