IN THE CIRCUIT COURT OF THE
SEVENTEENTH JUDICIAL CIRCUIT IN
AND FOR BROWARD COUNTY, FLORIDA

MOISES ORE and NOEMI ORE, his wife,    CASE NO.:   CACE-13-019453 (04)

    Plaintiffs,

vs.

TRICAM INDUSTRIES, INC. a foreign
corporation, and HOME DEPOT USA, INC. a
foreign corporation,

    Defendants.

_____/

## ANSWER TO PLAINTIFFS' COMPLAINT

COMES NOW Defendant, TRICAM INDUSTRIES, INC. (hereinafter "TRICAM"), by and through its attorneys, and for its Answer to Plaintiffs' Complaint, states:

1. This is an action for damages which exceed Fifteen Thousand and no/100 ($15,000.00) dollars.

**ANSWER:** **TRICAM admits and avers that the damages sought exceed $75,000, exclusive of interest, costs, and attorney's fees.**

2. The Plaintiffs, MOISES ORE and NOEMI ORE, his wife, are and were at all times material to this Complaint lawful residents of Broward County, Florida, and are otherwise *sui juris*. At all times material to this Complaint the Plaintiffs, MOISES ORE and NOEMI ORE were lawfully married.

**ANSWER:** **TRICAM has no knowledge of the Plaintiffs' residence and therefore, denies the allegation. Likewise, TRICAM has no knowledge of the Plaintiffs' marital status and, therefore, denies the allegation.**

3. The Defendant, TRICAM, is and was at all times material to this Complaint a foreign corporation doing business in Broward County, FL.

**ANSWER:** Defendant, Tricam, denies the allegations contained in Paragraph 3 and avers that Defendant, Tricam Industries, Inc., is a Minnesota corporation with its principal place of business in Eden Prairie, Minnesota.

4. The Defendant, HOME DEPOT, is and was at all times material to this Complaint a foreign corporation doing business in Broward County, FL.

**ANSWER:** TRICAM admits that Defendant, Home Depot, owned retail stores in Broward County, Florida. Further answering, TRICAM further avers that Defendant, Home Depot, U.S.A., Inc., is a Georgia corporation with its principal place of business in Atlanta, Georgia.

## FACTS

5. On or about April 6, 2012, MOISES ORE was injured as he attempted to use a Husky brand step ladder ("ladder") that was placed into the stream of commerce by TRICAM and HOME DEPOT who are the designer, manufacturer, distributor and seller of the ladder in Broward County, FL.

**ANSWER:** TRICAM has no knowledge as to whether or not on April 6, 2012, Moises Ore was injured while using a Husky brand stepladder. Therefore, TRICAM denies the allegation. TRICAM admits that Husky brand stepladders were contract manufactured, distributed and sold by Tricam Industries, Inc. It denies that Defendant, Home Depot, was the designer and manufacturer of Husky brand stepladders, but admits Home Depot sold Husky brand stepladders. TRICAM has no knowledge as to where Defendant, Home Depot, sold the Husky brand stepladder alleged to have been involved in Moises Ore's fall. TRICAM denies the remaining allegations contained in Paragraph 50

6. The ladder was equipped with rivets that held movable joints together at various points on the ladder.

**ANSWER:** TRICAM admits that certain Husky ladders are equipped with rivets and certain rivets hold movable joints together. TRICAM denies the remaining allegations contained in Paragraph 6.

7. One or more of the rivets failed under normal use causing the ladder to fail and causing MOISES ORE to fall.

**ANSWER:** TRICAM denies the allegations contained in Paragraph 7.

8.   The Plaintiff, MOISES ORE, was injured when he attempted to use the ladder that unexpectedly failed causing him to fall to the ground. This failure occurred during normal operation of the ladder without warning to the Plaintiff, MOISES ORE.

**ANSWER: TRICAM admits that Moises Ore was injured when he fell. TRICAM denies the remaining allegations contained in Paragraph 8.**

9.   The Defendant, TRICAM, at all times material hereto was in a position to correct any and all design, manufacturing and warning defects in the ladder before it was sold and/or placed into the stream of commerce.

**ANSWER: Defendant, Tricam, denies that the ladder contained design, manufacturing or warnings defects. TRICAM denies the remaining allegations contained in Paragraph 9.**

10.   The Defendant, TRICAM, at all times material hereto controlled the design and manufacturing of the ladder and controlled the warnings that were affixed to the ladder.

**ANSWER: Defendant, Tricam, admits that it controlled the design, manufacture and warnings placed on Husky ladders prior to sale. TRICAM denies the remaining allegations contained in Paragraph 10.**

11.   The Defendant, HOME DEPOT, at all times material hereto was in a position to correct any and all design, manufacturing and warning defects in the ladder before it was sold and/or placed into the stream of commerce.

**ANSWER: TRICAM denies that the ladder contained design, manufacturing or warning defects. TRICAM denies the remaining allegations contained in Paragraph 11.**

12.   The Defendant, HOME DEPOT, at all times material hereto controlled the design and manufacturing of the Ladder and controlled the warnings that were affixed to the ladder.

**ANSWER: TRICAM denies the allegations contained in Paragraph 12.**

### COUNT 1, STRICT LIABILITY: MANUFACTURING DEFECT, DESIGN DEFECT AND FAILURE TO WARN AGAINST TRICAM

Plaintiffs incorporate paragraphs 1 through 12 herein.

**ANSWER**: Defendant, Tricam, incorporates its responses to Paragraphs 1 through 12 as and for its responses to Paragraphs 1 through 12 of Count I as if fully set forth herein.

13. At all times material, Defendant supplied, sold and/or distributed a ladder that was unreasonably dangerous and defectively designed and manufactured because the rivets could fail during normal use and injure the user without warning.

**ANSWER**: **Defendant, Tricam, denies the allegations contained in Paragraph 13.**

14. From the time that the ladder was designed and manufactured to the time of the incident that forms the basis of this complaint, no material alterations were made to the ladder and it reached the user without substantial change affecting its condition.

**ANSWER**: **Defendant, Tricam, has no knowledge of the ladder's condition from the time it was manufactured and sold until the time of the incident. Therefore, Defendant, Tricam, denies the allegations contained in Paragraph 14.**

15. At all times material hereto, the ladder was defective and unreasonably dangerous in one of more of the following manners:

   a. the rivets on the ladder could suddenly break without warning while the user was on the ladder during normal and foreseeable use; and,

   b. the ladder did not adequately warn the user of its dangerous potential to fail while the user was on the ladder during normal and foreseeable use and adequately warn that the rivets could fail and cause serious injury.

**ANSWER**: **Defendant, Tricam, denies the allegations contained in Paragraph 15, subparagraphs (a) and (b) inclusive.**

16. Due to the defects elaborated in paragraphs 15a and 15b above, the ladder was defective and unreasonably dangerous because its risks of use far outweighed any benefit to either the Plaintiff or the general public.

**ANSWER:** **Defendant, Tricam, denies the ladder was defective as alleged. Defendant denies the remaining allegations contained in Paragraph 16.**

17. Due to the defects elaborated in paragraphs 15a and 15b above, the ladder was dangerous beyond the expectation of the ordinary and reasonable user, when used as intended, or in a manner reasonably foreseeable by the Defendant.

**ANSWER:** **Defendant, Tricam, denies the ladder was defective as alleged. Defendant denies the remaining allegations contained in Paragraph 17.**

18. As a result of these defects, when Plaintiff used the ladder it suddenly failed without warning causing him to fall the ground and become severely injured.

**ANSWER:** **Defendant, Tricam, denies the ladder was defective as alleged. Defendant denies the remaining allegations contained in Paragraph 18.**

19. As a result, the Plaintiff suffered bodily injury and resulting pain and suffering, disability, disfigurement, mental anguish, loss of capacity for the enjoyment of life, expense of hospitalization, medical and nursing care and treatment, aggravation of a previously existing condition, lost earnings in the past and loss of earning capacity in the future. The losses are either permanent or continuing and the Plaintiff will suffer the losses in the future.

**ANSWER:** **Defendant, Tricam, admits that Plaintiff suffered bodily injury, but denies the nature and extent of those injuries as alleged in Paragraph 19.**

WHEREFORE, Plaintiff demands judgment for damages against Defendant including interest and costs of this action and such other and further relief as this Court deems just and proper.

**ANSWER:** **WHEREFORE, Defendant, TRICAM INDUSTRIES, INC., denies that the Plaintiff is entitled to a judgment in any sum whatsoever.**

### COUNT 2, NEGLIGENT DESIGN, MANUFACTURE AND WARNING AGAINST TRICAM

Plaintiffs incorporate paragraphs 1 through 19 herein.

**ANSWER**: Defendant, Tricam, incorporates its responses to Paragraphs 1 through 1 as and for its responses to Paragraphs 1 through 19 of Count II as if fully set forth herein.

20. At all times material hereto, the Defendant owed the Plaintiff a duty to provide a product that was reasonably safe for its intended use and to warn of the dangers associated with the use of the ladder.

**ANSWER**: Defendant, Tricam, denies that Plaintiff accurately states its duty to the Plaintiff and, therefore, denies same.

21. At all times material hereto, Defendant breached its duty by failing to exercise reasonable care in the design, manufacture, and/or distribution of the ladder in one or more of the following manners:

   a. the rivets on the ladder could suddenly fail without warning while the user was on the ladder during normal and foreseeable use; and,

   b. the ladder did not adequately warn the user of its dangerous potential to unexpectedly fail and cause serious injury.

**ANSWER**: Defendant, Tricam, denies the allegations contained in Paragraph 21, subparagraphs (a) and (b) inclusive.

22. At all times material, Defendant knew, or in the exercise of reasonable care should have known, that the ladder was defective, unreasonably dangerous and/or hazardous, and did not contain adequate warnings.

**ANSWER**: Defendant, Tricam, denies that the ladder was defective as alleged. Defendant denies the remaining allegations contained in Paragraph 22.

23. As a result when Plaintiff used the ladder it suddenly failed without warning causing him to fall the ground and become severely injured.

**ANSWER**: Defendant, Tricam, admits that Plaintiff fell. Defendant denies the remaining allegations contained in Paragraph 23.

24. As a result, the Plaintiff suffered bodily injury and resulting pain and suffering, disability, disfigurement, mental anguish, loss of capacity for the enjoyment of life, expense of hospitalization, medical and nursing care and treatment, aggravation of a previously existing condition, lost earnings in the past and loss of earning capacity in the future. The losses are either permanent or continuing and the Plaintiff will suffer the losses in the future.

**ANSWER: Defendant, Tricam, admits that Plaintiff suffered bodily injury, but denies the nature, extent and duration of those injuries.**

WHEREFORE, Plaintiff demands judgment for damages against Defendant including interest and costs of this action and such other and further relief as this Court deems just and proper.

**ANSWER: WHEREFORE, Defendant, TRICAM INDUSTRIES, INC., denies that the Plaintiff is entitled to a judgment in any sum whatsoever.**

## COUNT 3, STRICT LIABILITY: MANUFACTURING DEFECT, DESIGN DEFECT AND FAILURE TO WARN AGAINST HOME DEPOT

Plaintiffs incorporate paragraphs 1 through 12 herein.

**ANSWER: Defendant, Tricam Industries, Inc., makes no answer to the allegations contained in Count 3 since the allegations contained in Count 3 are not directed to Tricam. However, to the extent that the allegations contained in Count 3 may be later directed against Tricam Industries, Inc., by incorporation into counts directed against Tricam Industries, Inc., the allegations included in Count 3 are denied by Tricam.**

26. At all times material, Defendant supplied, sold and/or distributed a ladder that was unreasonably dangerous and defectively designed and manufactured because the rivets could fail during normal use and injure the user without warning.

**ANSWER: Defendant, Tricam Industries, Inc., makes no answer to the allegations contained in Count 3 since the allegations contained in Count 3 are not directed to Tricam. However, to the extent that the allegations contained in Count 3 may be later directed against Tricam Industries, Inc., by incorporation into counts directed against Tricam Industries, Inc., the allegations included in Count 3 are denied by Tricam.**

27. From the time that the ladder was designed and manufactured to the time of the incident that forms the basis of this complaint, no material alterations were made to the ladder and it reached the user without substantial change affecting its condition.

**ANSWER**: Defendant, Tricam Industries, Inc., makes no answer to the allegations contained in Count 3 since the allegations contained in Count 3 are not directed to Tricam. However, to the extent that the allegations contained in Count 3 may be later directed against Tricam Industries, Inc., by incorporation into counts directed against Tricam Industries, Inc., the allegations included in Count 3 are denied by Tricam.

28. At all times material hereto, the ladder was defective and unreasonably dangerous in one of more of the following manners:

   a. the rivets on the ladder could suddenly break without warning while the user was on the ladder during normal and foreseeable use; and

   b. the ladder did not adequately warn the user of its dangerous potential to fail while the user was on the ladder during normal and foreseeable use and adequately warn that the rivets could fail and cause serious injury.

**ANSWER**: Defendant, Tricam Industries, Inc., makes no answer to the allegations contained in Count 3 since the allegations contained in Count 3 are not directed to Tricam. However, to the extent that the allegations contained in Count 3 may be later directed against Tricam Industries, Inc., by incorporation into counts directed against Tricam Industries, Inc., the allegations included in Count 3 are denied by Tricam.

29. Due to the defects elaborated in paragraphs 28a and 28b above, the ladder was defective and unreasonably dangerous because its risks of use far outweighed any benefit to either Plaintiff or the general public.

**ANSWER**: Defendant, Tricam Industries, Inc., makes no answer to the allegations contained in Count 3 since the allegations contained in Count 3 are not directed to Tricam. However, to the extent that the allegations contained in Count 3 may be later directed against Tricam Industries, Inc., by incorporation into counts directed against Tricam Industries, Inc., the allegations included in Count 3 are denied by Tricam.

30. Due to the defects elaborated in paragraphs 28a and 28b above, the ladder was dangerous beyond the expectation of the ordinary and reasonable user, when used as intended, or in a manner reasonably foreseeable by the Defendant.

**ANSWER**: **Defendant, Tricam Industries, Inc., makes no answer to the allegations contained in Count 3 since the allegations contained in Count 3 are not directed to Tricam. However, to the extent that the allegations contained in Count 3 may be later directed against Tricam Industries, Inc., by incorporation into counts directed against Tricam Industries, Inc., the allegations included in Count 3 are denied by Tricam.**

31. As a result of these defects, when Plaintiff used the ladder it suddenly failed without warning causing him to fall the ground and become severely injured.

**ANSWER**: **Defendant, Tricam Industries, Inc., makes no answer to the allegations contained in Count 3 since the allegations contained in Count 3 are not directed to Tricam. However, to the extent that the allegations contained in Count 3 may be later directed against Tricam Industries, Inc., by incorporation into counts directed against Tricam Industries, Inc., the allegations included in Count 3 are denied by Tricam.**

32. As a result, the Plaintiff suffered bodily injury and resulting pain and suffering, disability, disfigurement, mental anguish, loss of capacity for the enjoyment of life, expense of hospitalization, medical and nursing care and treatment, aggravation of a previously existing condition, lost earnings in the past and loss of earning capacity in the future. The losses are either permanent or continuing and the Plaintiff will suffer the losses in the future.

**ANSWER**: **Defendant, Tricam Industries, Inc., makes no answer to the allegations contained in Count 3 since the allegations contained in Count 3 are not directed to Tricam. However, to the extent that the allegations contained in Count 3 may be later directed against Tricam Industries, Inc., by incorporation into counts directed against Tricam Industries, Inc., the allegations included in Count 3 are denied by Tricam.**

WHEREFORE, Plaintiff, MOISES ORE, demands judgment for damages against Defendant including interest and costs of this action and such other and further relief as this Court deems just and proper.

**ANSWER**: Defendant, Tricam Industries, Inc., makes no answer to the allegations contained in Count 3 since the allegations contained in Count 3 are not directed to Tricam. However, to the extent that the allegations contained in Count 3 may be later directed against Tricam Industries, Inc., by incorporation into counts directed against Tricam Industries, Inc., the allegations included in Count 3 are denied by Tricam.

### COUNT 4, NEGLIGENT DESIGN, MANUFACTURE AND WARNING AGAINST HOME DEPOT

Plaintiffs incorporate paragraphs 1 through 12 and 26 through 32 herein.

**ANSWER**: Defendant, Tricam Industries, Inc., makes no answer to the allegations contained in Count 4 since the allegations contained in Count 4 are not directed to Tricam. However, to the extent that the allegations contained in Count 4 may be later directed against Tricam Industries, Inc., by incorporation into counts directed against Tricam Industries, Inc., the allegations included in Count 4 are denied by Tricam.

33. At all times material hereto, the Defendant owed the Plaintiff a duty to provide a product that was reasonably safe for its intended use and to warn of the dangers associated with the use of the ladder.

**ANSWER**: Defendant, Tricam Industries, Inc., makes no answer to the allegations contained in Count 4 since the allegations contained in Count 4 are not directed to Tricam. However, to the extent that the allegations contained in Count 4 may be later directed against Tricam Industries, Inc., by incorporation into counts directed against Tricam Industries, Inc., the allegations included in Count 4 are denied by Tricam.

34. At all times material hereto, Defendant breached its duty by failing to exercise reasonable care in the design, manufacture, and/or distribution of the ladder in one or more of the following manners:

   a. the rivets on the ladder could suddenly fail without warning while the user was on the ladder during normal and foreseeable use; and,

   b. the ladder did not adequately warn the user of its dangerous potential to unexpectedly fail and cause serious injury.

**ANSWER**: Defendant, Tricam Industries, Inc., makes no answer to the allegations contained in Count 4 since the allegations contained in Count 4 are not directed to Tricam. However, to the extent that the allegations contained in Count 4 may be later

directed against Tricam Industries, Inc., by incorporation into counts directed against Tricam Industries, Inc., the allegations included in Count 4 are denied by Tricam.

35. At all times material, Defendant knew, or in the exercise of reasonable care should have known, that the ladder was defective, unreasonably dangerous and/or hazardous, and did not contain adequate warnings.

**ANSWER**: Defendant, Tricam Industries, Inc., makes no answer to the allegations contained in Count 4 since the allegations contained in Count 4 are not directed to Tricam. However, to the extent that the allegations contained in Count 4 may be later directed against Tricam Industries, Inc., by incorporation into counts directed against Tricam Industries, Inc., the allegations included in Count 4 are denied by Tricam.

36. As a result when Plaintiff used the ladder it suddenly failed without warning causing him to fall the ground and become severely injured.

**ANSWER**: Defendant, Tricam Industries, Inc., makes no answer to the allegations contained in Count 4 since the allegations contained in Count 4 are not directed to Tricam. However, to the extent that the allegations contained in Count 4 may be later directed against Tricam Industries, Inc., by incorporation into counts directed against Tricam Industries, Inc., the allegations included in Count 4 are denied by Tricam.

37. As a result, the Plaintiff suffered bodily injury and resulting pain and suffering, disability, disfigurement, mental anguish, loss of capacity for the enjoyment of life, expense of hospitalization, medical and nursing care and treatment, aggravation of a previously existing condition, lost earnings in the past and loss of earning capacity in the future. The losses are either permanent or continuing and the Plaintiff will suffer the losses in the future.

**ANSWER**: Defendant, Tricam Industries, Inc., makes no answer to the allegations contained in Count 4 since the allegations contained in Count 4 are not directed to Tricam. However, to the extent that the allegations contained in Count 4 may be later directed against Tricam Industries, Inc., by incorporation into counts directed against Tricam Industries, Inc., the allegations included in Count 4 are denied by Tricam.

WHEREFORE, Plaintiff demands judgment for damages against Defendant including interest and costs of this action and such other and further relief as this Court deems just and proper.

**ANSWER**: Defendant, Tricam Industries, Inc., makes no answer to the allegations contained in Count 4 since the allegations contained in Count 4 are not directed to Tricam. However, to the extent that the allegations contained in Count 4 may be later directed against Tricam Industries, Inc., by incorporation into counts directed against Tricam Industries, Inc., the allegations included in Count 4 are denied by Tricam.

### COUNT 5, LOSS OF CONSORTIUM AGAINST TRICAM

Plaintiffs incorporate paragraphs 1 through 25 herein.

**ANSWER**: Defendant, Tricam incorporates its responses to Paragraphs 1 through 25 as and for its responses to Paragraphs 1 through 25 of Count 5 as if fully set forth herein.

38. NOEMI ORE has as a direct and proximate result of the aforementioned negligence of the Defendant causing injury to MOISES ORE lost the services, society, companionship and consortium of her husband, and has incurred the responsibility of paying for his medical expenses and care. These losses are either permanent or continuing and the Plaintiff will suffer these losses in the future.

**ANSWER**: Defendant, Tricam, denies the allegations contained in Paragraph 38.

WHEREFORE, the Plaintiff sues the Defendant for damages, attorney fees, costs, interest and any other relief which this Court deems just and proper.

**ANSWER**: WHEREFORE, TRICAM INDUSTRIES, INC., denies that the Plaintiff is entitled to a judgment in any sum whatsoever.

### COUNT 6, LOSS OF CONSORTIUM AGAINST HOME DEPOT

Plaintiffs incorporate paragraphs 1 through 12 and 26 through 37 herein.

**ANSWER**: Defendant, Tricam Industries, Inc., makes no answer to the allegations contained in Count 6 since the allegations contained in Count 6 are not directed to Tricam. However, to the extent that the allegations contained in Count 6 may be later directed against Tricam Industries, Inc., by incorporation into counts directed against Tricam Industries, Inc., the allegations included in Count 6 are denied by Tricam.

38. NOEMI ORE has as a direct and proximate result of the aforementioned negligence of the Defendant causing injury to MOISES ORE lost the services, society,

companionship and consortium of her husband, and has incurred the responsibility of paying for his medical expenses and care. These losses are either permanent or continuing and the Plaintiff will suffer these losses in the future.

**ANSWER**: Defendant, Tricam Industries, Inc., makes no answer to the allegations contained in Count 6 since the allegations contained in Count 6 are not directed to Tricam. However, to the extent that the allegations contained in Count 6 may be later directed against Tricam Industries, Inc., by incorporation into counts directed against Tricam Industries, Inc., the allegations included in Count 6 are denied by Tricam.

WHEREFORE, the Plaintiff sues the Defendant for damages, attorney fees, costs, interest and any other relief which this Court deems just and proper.

**ANSWER**: Defendant, Tricam Industries, Inc., makes no answer to the allegations contained in Count 6 since the allegations contained in Count 6 are not directed to Tricam. However, to the extent that the allegations contained in Count 6 may be later directed against Tricam Industries, Inc., by incorporation into counts directed against Tricam Industries, Inc., the allegations included in Count 6 are denied by Tricam.

## AFFIRMATIVE DEFENSES

39. At the time and place alleged in the Complaint, Plaintiff was himself guilty of negligence that proximately contributed to the accident, injuries and damages. Therefore, if Plaintiff is entitled to a recovery from Defendant, such recovery must be reduced and affected by the degree to which Plaintiff's own negligence caused or contributed to the accident, injuries or damages.

40. Plaintiff knew of the existence of the danger complained of in the Complaint, realized and appreciated the possibility of injury as a result of the danger, and, having a reasonable opportunity to avoid it, voluntarily exposed himself to the danger.

41. Plaintiff's accident, injuries and damages, if any, were the direct and proximate result of the acts of negligence or intentional acts of other persons or entities not under the control of Defendant and for whose acts Defendant cannot be held liable.

42. Plaintiff's damages, if any, shall be reduced by the amount of any collateral sources or other insurance paid or payable to Plaintiff. §768.76, Fla.Stat.

43. Plaintiff's accident, injuries or damages, if any, were caused by a new, independent, and/or intervening cause, and were not caused by Defendant, thereby barring recovery from Defendant.

44. Liability shall be apportioned among all parties and non-parties at fault for the damages in question according to each's degree of fault. Responsible non-parties include Plaintiff's employer. §768.81, Fla.Stat.

45. Defendant is not liable to the extent Plaintiff failed to mitigate damages, including failure to submit bills to health insurance, Medicaid and/or Medicare.

46. Defendant's liability for medical expenses does not include contractual adjustments, write-offs, or the like. Cooperative Leasing, Inc. v. Johnson, 872 So.2d 956 (Fla. 2d DCA 2004).

47. Defendant is entitled to a set off of any contractual discount of medical bills or expenses, negotiated write off of medical bills or expenses, or negotiated agreement to pay medical bills or other expenses in the future pursuant to the law of collateral source setoffs and Goble v. Frohman, 848 So.2d 406 (Fla. 2d DCA 2003), approved 901 So.2d 830 (Fla. 2005). Alternatively, Plaintiff is not entitled to claim bills, costs or expenses assessed but waived or not actually incurred by Plaintiff.

48. Defendant is not liable to the extent the charges for medical care were not reasonable.

49. Defendant is not liable to the extent medical treatment was not medically necessary.

50. Defendant is not liable to the extent medical treatment is not causally related to the accident injuries.

51. The accident in question was caused solely by the unforeseeable misuse of the product, thereby relieving Defendant of liability.

52. The product was designed in accordance with the state of the art technology available at the time the product was manufactured, thereby relieving Defendant of liability. §768.1257, Fla.Stat.

53. The product was substantially altered after it was manufactured and sold by Defendant. The alteration changed the function of the product from that originally designed by Defendant. The alteration was not foreseeable by Defendant. The alteration superseded any defect that may have existed in Defendant's product and became the sole cause of the product's failure that resulted in loss, injury or damage to Plaintiff.

54. Plaintiff was not a foreseeable or intended user of the product and, as such, is barred from recovering from Defendant.

55. The warnings in question were proper in that they contained the recommended amount of information to communicate to the user the dangerous potential of the product and the possible consequences of the product's misuse. The product warnings and instructions conveyed a degree of caution commensurate with the degree of danger posed by the product and were in compliance with industry guidelines and the required governmental standards for warnings and instructions.

56. The alleged dangerous condition was so open and obvious or should have been so open and obvious that Defendant had no duty to warn of its alleged existence or to take steps to correct it.

Case No.: CACE-13-019453 (04)

57. There was no duty to warn of the alleged dangerous condition because Plaintiff, in fact, was aware of it.

58. The statute of repose bars the claim.

## DEMAND FOR JURY TRIAL

Defendant demands a trial by jury of all issues so triable as of right by law.

WE HEREBY CERTIFY that I electronically filed on January 2, 2014. the foregoing with the Clerk of the Court by using the Florida Courts E-Filing Portal which will send a Notice of Electronic Filing to:

**Samuel A. Coffey, Esquire**
Abramowitz, Pomerantz & Coffey, P.A.
Attorneys for Plaintiffs
954-572-7200
sam@floridainjurylawyers.com
maria@abrpom.com
pleadings@abrpom.com

                                              Lewis Brisbois Bisgaard & Smith LLP
                                              Attorneys for Tricam
                                              200 S.W. 1st Avenue, Suite 910
                                              Fort Lauderdale, Florida 33301
                                              Telephone: 954.728.1280
                                              Facsimile: 954.728.1282
                                              jmowers@lbbslaw.com

                                        BY: /s/ *Jeffrey A. Mowers*
                                                JEFFREY A. MOWERS
                                                FBN: 508240

**8744726**