IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF FLORIDA

CASE NO.:  0:14-cv-60269-Scola/Otazo-Reyes

MOISES ORE and NOEMI ORE, his wife,

     Plaintiffs,

vs.

TRICAM INDUSTRIES, INC., a foreign
corporation, and HOME DEPOT U.S.A., INC. a
foreign corporation,

     Defendants.

_____/

## JOINT NOTICE OF FILING PROPOSED JURY INSTRUCTIONS

COME NOW Defendants, TRICAM INDUSTRIES, INC., and HOME DEPOT U.S.A.,

INC., and Plaintiffs, MOISES ORE and NOEMI ORE, by and through their undersigned counsel,

and pursuant to the Second Amended Scheduling Order And Order Rescheduling Mediation [DE

198], hereby file the attached Proposed Jury Instructions.

## CERTIFICATE OF SERVICE

I hereby certify that on May 30, 2017, I electronically filed the foregoing document with

the Clerk of the Court using CM/ECF. I also certify that the foregoing document is being served

this day on all counsel of record or pro se parties identified on the attached Service List via

transmission of Notices of Electronic Filing generated by CM/ECF or in some other authorized

manner for those counsel or parties who are not authorized to receive electronically Notice of

Electronic Filing.

CASE NO.:  0:14-cv-60269- Scola/ Valle

COFFEY TRIAL LAW
Attorneys for Plaintiffs
500 N.E. Fourth Street
Suite 100
Ft. Lauderdale, Florida 33301
(754) 301-2431 – Direct
(954) 541-3194 – Main
(954) 780-8668 – Fax
sam@coffeytriallaw.com
maria@coffeytriallaw.com
pleadings@coffeytriallaw.com


BY: _____
        SAMUEL A. COFFEY, ESQ.
        Florida Bar No.:  71838

CASE NO.:  0:14-cv-60269- Scola/ Valle

### Service List

Moises Ore and Noemi Ore v. Tricam Industries, Inc. and Home Depot U.S.A., Inc.
CASE NO. 0:14-CV-60269- RNS
United States District Court, Southern District of Florida

**Samuel A. Coffey, Esq.**
**COFFEY TRIAL LAW**
*Attorney for Plaintiff*
500 NE 4 Street
Suite 100
Fort Lauderdale, FL 33301
Tele:  (954) 541-3194
Fax:  (954) 780-8668
pleadings@ct-law.com

**Jeffrey A. Mowers, Esq.**
**LEWIS BRISBOIS BISGAARD & SMITH, LLP**
*Attorney for Defendants*
110 SE 6 Street
Suite 2600
Ft. Lauderdale, FL 33301
Tele:  (954) 728-1280
Fax:  (954) 728-1282
jmowers@lbbslaw.com
Rsolis@llbslaw.com

**Paul V. Kaulas, Esq.**
**MCVEY & PARSKY, LLC**
*Co-Counsel for Defendants*
30 N. LaSalle Street
Suite 2100
Chicago, IL 60602
Tele:  (321) 551-7668
pvk@mcveyparsky-law.com

**1.1 General Preliminary Instruction**

Members of the Jury:

Now that you've been sworn, I need to explain some basic principles about a civil trial and your duty as jurors. These are preliminary instructions. I'll give you more detailed instructions at the end of the trial.

The jury's duty:

It's your duty to listen to the evidence, decide what happened, and apply the law to the facts. It's my job to provide you with the law you must apply – and you must follow the law even if you disagree with it.

What is evidence:

You must decide the case on only the evidence presented in the courtroom. Evidence comes in many forms. It can be testimony about what someone saw, heard, or smelled. It can be an exhibit or a photograph. It can be someone's opinion.

Some evidence may prove a fact indirectly. Let's say a witness saw wet grass outside and people walking into the courthouse carrying wet umbrellas. This may be indirect evidence that it rained, even though the witness didn't personally see it rain. Indirect evidence like this is also called "circumstantial evidence" – simply a chain of circumstances that likely proves a fact.

As far as the law is concerned, it makes no difference whether evidence is direct or indirect. You may choose to believe or disbelieve either kind. Your job is to give each piece of evidence whatever weight you think it deserves.

What is not evidence:

During the trial, you'll hear certain things that are not evidence and you must not consider them.

First, the lawyers' statements and arguments aren't evidence. In their opening statements and closing arguments, the lawyers will discuss the case. Their remarks may help you follow each side's arguments and presentation of evidence. But the remarks themselves aren't evidence and shouldn't play a role in your deliberations.

Second, the lawyers' questions and objections aren't evidence. Only the witnesses' answers are evidence. Don't decide that something is true just because a lawyer's question suggests that it is. For example, a lawyer may ask a witness, "You saw Mr. Jones hit his sister, didn't you?" That question is not evidence of what the witness saw or what Mr. Jones did – unless the witness agrees with it.

There are rules of evidence that control what the court can receive into evidence. When a lawyer asks a witness a question or presents an exhibit, the opposing lawyer may object if [he/she] thinks the rules of evidence don't permit it. If I overrule the objection, then the witness may answer the question or the court may receive the exhibit. If I sustain the objection, then the witness cannot answer the question, and the court cannot receive the exhibit. When I sustain an objection to a question, you must ignore the question and not guess what the answer might have been.

Sometimes I may disallow evidence – this is also called "striking" evidence – and order you to disregard or ignore it. That means that you must not consider that evidence when you are deciding the case.

I may allow some evidence for only a limited purpose. When I instruct you that I have admitted an item of evidence for a limited purpose, you must consider it for only that purpose and no other.

<u>Credibility of witnesses:</u>

To reach a verdict, you may have to decide which testimony to believe and which testimony not to believe. You may believe everything a witness says, part of it, or none of it.      When considering a witness's testimony, you may take into account:

- the witness's opportunity and ability to see, hear, or know the things the witness is testifying about;

- the witness's memory;

- the witness's manner while testifying;

- any interest the witness has in the outcome of the case;

- any bias or prejudice the witness may have;

- any other evidence that contradicts the witness's testimony;

- the reasonableness of the witness's testimony in light of all the evidence; and

- any other factors affecting believability.

At the end of the trial, I'll give you additional guidelines for determining a witness's credibility.

<u>Description of the case</u>:

This is a civil case.  To help you follow the evidence, I'll summarize the parties' positions.

Moises Ore claims that on April 6, 2012 he was injured as he attempted to use a 12 foot Husky brand step ladder to retrieve a tire from a rack at his job at Tire Kingdom.  The ladder was designed and contract manufactured by Tricam and sold the ladder exclusively to Home Depot. The Defendants have stipulated that the ladder contains a manufacturing defect involving the misplacement of three holes and three rivets in the right rear rail of the ladder approximately 11 mm out of position.

CASE NO.:  0:14-cv-60269- Scola/ Valle

Mr. Ore alleges that Tricam and Home Depot are strictly liable because the manufacturing defect rendered the ladder unreasonably dangerous in its original condition.  Mr. Ore further alleges  Tricam  was negligent in the manufacturing of the ladder based upon the creation of the manufacturing defect and Home Depot was negligent in selling the ladder.

Mr. Ore alleges that, as he attempted to use the ladder, he was injured when a rivet connecting the right rear rail to the top of the ladder fractured and failed due to fatigue because of the manufacturing defect, causing him to fall from the ladder and sustain injuries.

While Tricam and Home Depot stipulate that the ladder contains a manufacturing defect, they dispute that the accident ladder was in a defective condition, unreasonably dangerous to the user and/or that this deviation from design was a proximate cause of Moises Ore's accident.  Tricam and Home Depot contend that the rivet had fractured before the date of accident and that employees of Tire Kingdom continued to use that ladder.   Tricam and Home Depot further deny that they acted negligently and claim that Moises Ore was, himself, negligent in failing to exercise reasonable care for his own safety, which caused him harm, **and also that Moises Ore's employer, Tire Kingdom, was negligent in failing to comply with its own safety policies and in failing to remove the ladder from service, which caused Moises Ore harm.**

Burden of proof:

Moises Ore has the burden of proving his case by what the law calls a "preponderance of the evidence." That means Moises Ore must prove that, in light of all the evidence, what he claims is more likely true than not. So, if you could put the evidence favoring Moises Ore and the evidence favoring Tricam and Home Depot on opposite sides of balancing scales as to the claims against each Defendant, Moises Ore needs to make the scales tip to his side as to one or both Defendants. If Moises Ore fails to meet this burden as to each Defendant, you must find in favor of Tricam and

Home Depot. If  Moises Ore meets his burden as to one but not both Defendants, you must find in favor of Moises Ore as to that Defendant.

To decide whether any fact has been proved by a preponderance of the evidence, you may – unless I instruct you otherwise – consider the testimony of all witnesses, regardless of who called them, and all exhibits that the court allowed, regardless of who produced them. After considering all the evidence, if you decide a claim or fact is more likely true than not, then the claim or fact has been proved by a preponderance of the evidence.

On certain issues, called "affirmative defenses," Tricam and Home Depot each have the burden of proving the elements of a defense by a preponderance of the evidence. I'll instruct you on the facts Tricam and Home Depot must each  prove for any affirmative defense. After considering all the evidence, if you decide that Tricam and Home Depot have each successfully proven that the required facts are more likely true than not, the affirmative defense is proved.

<u>Conduct of the jury</u>:

While serving on the jury, you may not talk with anyone about anything related to the case. You may tell people that you're a juror and give them information about when you must be in court. But you must not discuss anything about the case itself with anyone.

You shouldn't even talk about the case with each other until you begin your deliberations. You want to make sure you've heard everything – all the evidence, the lawyers' closing arguments, and my instructions on the law – before you begin deliberating. You should keep an open mind until the end of the trial. Premature discussions may lead to a premature decision.

In this age of technology, I want to emphasize that in addition to not talking face-to-face with anyone about the case, you must not communicate with anyone about the case by any other means.

CASE NO.: 0:14-cv-60269- Scola/ Valle

This includes e-mails, text messages, and the Internet, including social-networking websites such as Facebook, MySpace, and Twitter.

You also shouldn't Google or search online or offline for any information about the case, the parties, or the law. Don't read or listen to the news about this case, visit any places related to this case, or research any fact, issue, or law related to this case. The law forbids the jurors to talk with anyone else about the case and forbids anyone else to talk to the jurors about it. It's very important that you understand why these rules exist and why they're so important. You must base your decision only on the testimony and other evidence presented in the courtroom. It is not fair to the parties if you base your decision in any way on information you acquire outside the courtroom. For example, the law often uses words and phrases in special ways, so it's important that any definitions you hear come only from me and not from any other source. Only you jurors can decide a verdict in this case. The law sees only you as fair, and only you have promised to be fair – no one else is so qualified.

<u>Taking notes</u>:

If you wish, you may take notes to help you remember what the witnesses said. If you do take notes, please don't share them with anyone until you go to the jury room to decide the case. Don't let note-taking distract you from carefully listening to and observing the witnesses. When you leave the courtroom, you should leave your notes hidden from view in the jury room.

Whether or not you take notes, you should rely on your own memory of the testimony. Your notes are there only to help your memory. They're not entitled to greater weight than your memory or impression about the testimony.

Course of the trial:

Let's walk through the trial. First, each side may make an opening statement, but they don't have to. Remember, an opening statement isn't evidence, and it's not supposed to be argumentative; it's just an outline of what that party intends to prove.

Next, Moises Ore will present his witnesses and ask them questions. After Moises Ore questions the witness, Tricam and Home Depot may ask the witness questions – this is called "cross-examining" the witness. Then Tricam and Home Depot will present their witnesses, and Moises Ore may cross-examine them. You should base your decision on all the evidence, regardless of which party presented it.

After all the evidence is in, the parties' lawyers will present their closing arguments to summarize and interpret the evidence for you, and then I'll give you instructions on the law.

You'll then go to the jury room to deliberate.

### 1.3 Official English Translation/Interpretation

You may hear or see languages other than English during this trial.

You must consider evidence provided through only the official court [interpreters/translators]. It is important that all jurors consider the same evidence. So even if some of you know [language], you must accept the English [interpretation/translation] provided and disregard any different meaning.

### 1.4 Jury Questions

During this trial, you may submit questions to a witness after the lawyers have finished their own questioning. Here is how the procedure works: After each witness has testified, and the lawyers have asked all of their questions, I'll ask if any of you have questions. If you have a question, write it down and give it to the court staff.

You may submit a question for a witness only to clarify an answer or to help you understand the evidence. Our experience with juror questions indicates that jurors rarely have more than a few questions for any one witness, and there may be no questions at all for some witnesses.

If you submit a question, the court staff will give it to me and I'll share your questions with the lawyers in the case. If the rules of evidence allow your question, one of the lawyers or I will read your question to the witness. I may modify the form or phrasing of a question so that it's allowed under the evidence rules. Sometimes, I may not allow the questions to be read to the witness, either because the law does not allow it or because another witness is in a better position to answer the question. If I can't allow the witness to answer a question, you must not draw any conclusions from that fact or speculate on what the answer might have been.

Here are several important things to keep in mind about your questions for the witnesses:

· First, you must submit all questions in writing. Please don't ask any questions aloud.

· Second, the court can't re-call witnesses to the stand for additional juror questions. If you have a question for a particular witness, you must submit it when I ask.

· Finally, because you should remain neutral and open-minded throughout the trial, you should phrase your questions in a way that doesn't express an opinion about the case or a witness. You must keep an open mind until you've heard all the evidence, the closing arguments, and my final instructions on the law.

### 1.5 Interim Statements

At times during the trial, the lawyers will address you. You'll soon hear the lawyers' opening statements, and at the trial's conclusion you'll hear their closing arguments. Sometimes the lawyers may choose to make short statements to you, either to preview upcoming evidence or to summarize and highlight evidence they just presented. These statements and arguments are the lawyers' views of the evidence or of what they anticipate the evidence will be. They are not evidence themselves.

### 2.1 Stipulations

Sometimes the parties have agreed that certain facts are true. This agreement is called a stipulation. You must treat these facts as proved for this case.

## 2.2 Use of Depositions

A deposition is a witness's sworn testimony that is taken before the trial. During a deposition, the witness is under oath and swears to tell the truth, and the lawyers for each party may ask questions. A court reporter is present and records the questions and answers.

The deposition of [name of witness], taken on [date], [is about to be/has been] presented to you [by a video/by reading the transcript]. Deposition testimony is entitled to the same consideration as live testimony, and you must judge it in the same way as if the witness was testifying in court. [Do not place any significance on the behavior or tone of voice of any person reading the questions or answers.]

## 2.4 Interim Statements

At the beginning of the trial, I told you that the lawyers might make short statements previewing upcoming evidence or summarizing and highlighting evidence that they have already presented before. Right now, [Mr./Ms.] [name of attorney] is going to make a short statement. Please remember that the statement you are about to hear – like all statements by the lawyers – is [Mr./Ms.] [name of attorney]'s view of the evidence or of what [he/she] anticipates the evidence will be, but isn't itself evidence.

## 2.5 Judicial Notice

The rules of evidence allow me to accept facts that no one can reasonably dispute. The law calls this "judicial notice." I've accepted [state the fact that the court has judicially noticed] as proved even though no one introduced evidence to prove it. You must accept it as true for this case.

**2.6 Use of Interrogatories**

[You'll now hear/You've heard] answers that [name of party] gave in response to written questions the other side submitted. The questions are called "interrogatories." Before the trial, [name of party] gave the answers in writing while under oath.

You must consider [name of party]'s answers to as though [name of party] gave the answers on the witness stand.

**2.7 In-Trial Instructions on News Coverage**

Reports about this trial [or about this incident] may appear in the media. The reporters may not have heard all the testimony as you have, may be getting information from people who are not under oath and subject to cross examination, may emphasize an unimportant point, or may simply be wrong.

You must not read, listen to, or watch anything about this trial. It would violate your oath as a juror to decide this case on anything other than the evidence presented at trial and on your own common sense. You must decide this case exclusively on the evidence you receive here in court.

**2.8 Civil *Allen* Charge**

Members of the jury:

I'm going to ask you to continue your deliberations to reach a verdict. Please consider the following comments.

This is an important case. The trial has been expensive in terms of time, effort, money, and emotional strain to both the plaintiff and the defendant. If you fail to agree on a verdict, the case remains open and may have to be tried again. A second trial would be costly to both sides, and there's no reason to believe either side can try it again better or more exhaustively than they have tried it before you.

CASE NO.:  0:14-cv-60269- Scola/ Valle

Any future jury would be selected in the same manner and from the same source as you. There's no reason to believe that the case could ever be submitted to a jury of people more conscientious, more impartial, or more competent to decide it – or that either side could produce more or clearer evidence.

It's your duty to consult with one another and to deliberate with a view to reaching an agreement – if you can do it without violating your individual judgment. You must not give up your honest beliefs about the evidence's weight or effect solely because of other jurors' opinions or just to return a verdict. You must each decide the case for yourself – but only after you consider the evidence with your fellow jurors.

You shouldn't hesitate to reexamine your own views and change your opinion if you become convinced it's wrong. To bring your minds to a unanimous result, you must openly and frankly examine the questions submitted to you with proper regard for the opinions of others and with a willingness to reexamine your own views.

If a substantial majority of you is for a verdict for one party, each of you who holds a different position ought to consider whether your position is reasonable. It may not be reasonable since it makes so little impression on the minds of your fellow jurors – who bear the same responsibility, serve under the same oath, and have heard the same evidence.

You may conduct your deliberations as you choose, but I suggest that you now carefully reexamine and reconsider all the evidence in light of the court's instructions on the law. You may take all the time that you need.

I remind you that in your deliberations, you are to consider the court's instructions as a whole. You shouldn't single out any part of any instructions including this one, and ignore others.

You may now return to the jury room and continue your deliberations.

**3.1 Introduction**

Members of the jury:

It's my duty to instruct you on the rules of law that you must use in deciding this case.

When I have finished you will go to the jury room and begin your discussions, sometimes called deliberations.

**3.2.2 The Duty to Follow Instructions – Corporate Party Involved**

Your decision must be based only on the evidence presented here. You must not be influenced in any way by either sympathy for or prejudice against anyone.

You must follow the law as I explain it – even if you do not agree with the law – and you must follow all of my instructions as a whole. You must not single out or disregard any of the instructions on the law.

The fact that a corporation is involved as a party must not affect your decision in any way. A corporation and all other persons stand equal before the law and must be dealt with as equals in a court of justice. When a corporation is involved, of course, it may act only through people as its employees; and, in general, a corporation is responsible under the law for the acts and statements of its employees that are made within the scope of their duties as employees of the company.

**3.3 Consideration of Direct and Circumstantial Evidence;**
**Argument of Counsel; Comments by the Court**

As I said before, you must consider only the evidence that I have admitted in the case. Evidence includes the testimony of witnesses and the exhibits admitted. But, anything the lawyers say is not evidence and isn't binding on you.

You shouldn't assume from anything I've said that I have any opinion about any factual issue in this case. Except for my instructions to you on the law, you should disregard anything I may have said during the trial in arriving at your own decision about the facts.

Your own recollection and interpretation of the evidence is what matters.

In considering the evidence you may use reasoning and common sense to make deductions and reach conclusions. You shouldn't be concerned about whether the evidence is direct or circumstantial.

"Direct evidence" is the testimony of a person who asserts that he or she has actual knowledge of a fact, such as an eyewitness.

"Circumstantial evidence" is proof of a chain of facts and circumstances that tend to prove or disprove a fact. There's no legal difference in the weight you may give to either direct or circumstantial evidence.

**3.4 Credibility of Witnesses**

When I say you must consider all the evidence, I don't mean that you must accept all the evidence as true or accurate. You should decide whether you believe what each witness had to say, and how important that testimony was. In making that decision you may believe or disbelieve any witness, in whole or in part. The number of witnesses testifying concerning a particular point doesn't necessarily matter.

To decide whether you believe any witness I suggest that you ask yourself a few questions:

1. Did the witness impress you as one who was telling the truth?

2. Did the witness have any particular reason not to tell the truth?

3. Did the witness have a personal interest in the outcome of the case?

4. Did the witness seem to have a good memory?

5. Did the witness have the opportunity and ability to accurately observe the things he or she testified about?

6. Did the witness appear to understand the questions clearly and answer them directly?

7. Did the witness's testimony differ from other testimony or other evidence?

### 3.5.1 Impeachment of Witnesses Because of Inconsistent Statements

You should also ask yourself whether there was evidence that a witness testified falsely about an important fact. And ask whether there was evidence that at some other time a witness said or did something, or didn't say or do something, that was different from the testimony the witness gave during this trial.

But keep in mind that a simple mistake doesn't mean a witness wasn't telling the truth as he or she remembers it. People naturally tend to forget some things or remember them inaccurately. So, if a witness misstated something, you must decide whether it was because of an innocent lapse in memory or an intentional deception. The significance of your decision may depend on whether the misstatement is about an important fact or about an unimportant detail.

### 3.6.1 Expert Witness

When scientific, technical or other specialized knowledge might be helpful, a person who has special training or experience in that field is allowed to state an opinion about the matter.

But that doesn't mean you must accept the witness's opinion. As with any other witness's testimony, you must decide for yourself whether to rely upon the opinion.

### 3.6.2  Expert Witness – When Expert Fees Represent a Significant Portion of the Witness's Income

When scientific, technical or other specialized knowledge might be helpful, a person who has special training or experience in that field is allowed to state an opinion about the matter.

But that doesn't mean you must accept the witness's opinion. As with any other witness's testimony, you must decide for yourself whether to rely upon the opinion.

When a witness is being paid for reviewing and testifying concerning the evidence, you may consider the possibility of bias and should view with caution the testimony of such witness where court testimony is given with regularity and represents a significant portion of the witness's income.

### 3.7.1  Responsibility for Proof – Plaintiff's Claim[s], Cross Claims, Counterclaims – Preponderance of the Evidence

In this case it is the responsibility of Plaintiff, Moises Ore, to prove every essential part of his claim[s] by a "preponderance of the evidence." This is sometimes called the "burden of proof" or the "burden of persuasion."

A "preponderance of the evidence" simply means an amount of evidence that is enough to persuade you that Moises Ore's claim is more likely true than not true.

If the proof fails to establish any essential part of a claim or contention by a preponderance of the evidence, you should find against Moises Ore.

[When more than one claim is involved, you should consider each claim separately.]

In deciding whether any fact has been proved by a preponderance of the evidence, you may consider the testimony of all of the witnesses, regardless of who may have called them, and all of the exhibits received in evidence, regardless of who may have produced them.

If the proof fails to establish any essential part of Moises Ore's claims against Tricam or Home Depot by a preponderance of the evidence, you should find for that Defendant as to that claim.


[401.4 and 403.9] Negligence is the failure to use reasonable care, which is the care that a reasonably careful person would use under like circumstances. In the case of a designer, manufacturer, seller, importer, distributor, or supplier of a product, it is the care that a reasonably careful designer, manufacturer, seller, importer, distributor, or supplier would use under like circumstances. Negligence is doing something that a reasonably careful designer, manufacturer, seller, importer, distributor, or supplier would not do under like circumstances or failing to do something that a reasonably careful person, designer, manufacturer, seller, importer, distributor, or supplier would do under like circumstances.

[403.7a] A product is defective because of a manufacturing defect if it is in a condition unreasonably dangerous to the user and the product is expected to and does reach the user or consumer without substantial change affecting that condition.

CASE NO.:  0:14-cv-60269- Scola/ Valle

A product is unreasonably dangerous because of a manufacturing defect if it is different from its intended design and fails to perform as safely as the intended design would have performed.

[403.8]  A product is defective when the foreseeable risks of harm from the product could have been reduced or avoided by providing reasonable instructions or warnings, and the failure to provide those instructions or warnings makes the product unreasonably dangerous

[403.10]  [Negligence is the failure to use reasonable care, which is the care that a reasonably careful [designer] [manufacturer] [seller] [importer] [distributor] [supplier] would use under like circumstances.] Reasonable care on the part of Tricam and/or Home Depot requires that Tricam and/or Home Depot give appropriate warning(s) about particular risks of the ladder which Tricam and/or Home Depot knew or should have known are involved in the reasonably foreseeable use(s) of the product.

[403.11] If you determine that the ladder malfunctioned during normal operation, a legal inference of product defectiveness arises. *Cassisi v. Maytag*

[403.12a] Negligence or a defect in a product is a legal cause of loss, injury or damage if it directly and in natural and continuous sequence produces or contributes substantially to producing such loss, injury or damage, so that it can reasonably be said that, but for the negligence or defect, the loss, injury or damage would not have occurred.

[403.12b] In order to be regarded as a legal cause of loss, injury or damage, negligence or a defect in a product need not be the only cause.  Negligence or a defect in a product may be a legal cause of loss, injury or damage even though it operates in combination with the act of another or some other cause if the negligence or defect contributes substantially to producing such loss, injury or damage.

[403.12c]  [A defect in a product] or [Negligence] may also be a legal cause of [loss] [injury] [or] [damage] even though it operates in combination with [the act of another] [some natural cause] [or] [some other cause] occurring after the [product defect] or [negligence] occurs if such other cause was itself reasonably foreseeable and the [product defect] or [negligence] contributes substantially to producing such [loss] [injury] [or] [damage] [or] [the resulting [loss] [injury] [or] [damage] was a reasonably foreseeable consequence of the [product defect] or [negligence] and the [product defect] or [negligence] contributes substantially to producing it].

[403.15d] The first issue you must decide on Moises Ore's claim against Tricam, the manufacturer of the ladder, is: whether the ladder [was made differently than its intended design and thereby failed to perform as safely as intended and the ladder reached Moises Ore without substantial change affecting the condition and, if so, whether that failure was a legal cause of the [loss], [injury] [or] [damage] to Moises Ore.

CASE NO.:  0:14-cv-60269- Scola/ Valle

[403.15e] The  n e x t  issue you must decide  on Moises Ore's claims of defect in the ladder against Tricam, the manufacturer of the ladder, is whether the ladder failed to perform as safely as an ordinary consumer would expect when used as intended or in a manner reasonably foreseeable by the manufacturer and the ladder reached Moises Ore without substantial change affecting the condition and, if so, whether that failure was a legal cause of the loss, injury or damage to Moises Ore.

[403.15f] The next issue you must decide on Moises Ore's claim against Tricam, the manufacturer of the ladder, is: whether the foreseeable risks of harm from the ladder could have been reduced or avoided by providing reasonable instructions or warnings and the failure to provide those warnings made the ladder unreasonably dangerous and, if so, whether that failure was a legal cause of the [loss], [injury] [or] [damage] to Moises Ore.

[403.15g] The  n e x t  issue  you must decide  on Moises Ore's claim of negligence on the part of Tricam, the manufacturer of the ladder, is whether Tricam was negligent in the design of the ladder or in its inspection of the ladder after it was built, and, if so, whether that *negligence* was a legal cause of the loss, injury or damage to Moises Ore.

[403.15h] The [next] issues you must decide on Moises Ore's claim against Tricam, the manufacturer of the ladder,  is: whether Tricam negligently failed to warn about particular risks involved in the use of the ladder, and, if so, whether that failure to warn was a legal cause of the [loss], [injury] [or] [damage] to Moises Ore.

[403.15d] The first issue you must decide on Moises Ore's claim against Home Depot, the seller of the ladder, is: whether the ladder [was made differently than is intended design and thereby failed to perform as safely as intended and the ladder reached Moises Ore without substantial change affecting the condition and, if so, whether that failure was a legal cause of the [loss] [injury] [or] [damage] to Moises Ore.

[403.15e] The  n e x t  issue you must decide  on Moises Ore's claims of defect in the ladder against Home Depot, the seller of the ladder, is whether the ladder failed to perform as safely as an ordinary consumer would expect when used as intended or in a manner reasonably foreseeable by the manufacturer and the ladder reached Moises Ore without substantial change affecting the condition and, if so, whether that failure was a legal cause of the loss, injury or damage to Moises Ore.

[403.15f] The next issue you must decide on Moises Ore's claim against Home Depot, the seller of the ladder, is: whether the foreseeable risks of harm from the ladder could have been reduced or avoided by providing reasonable instructions or warnings and the failure to provide those warnings made the ladder unreasonably dangerous and, if so, whether that failure was a legal cause of the [loss], [injury] [or] [damage] to Moises Ore.

[403.15g] The next issue you must decide on Moises Ore's claim of negligence on the part of Home Depot, the seller of the ladder, is whether Home Depot was negligent in failing to inspect

the ladder before selling it to Moises Ore, and, if so, whether that *negligence* was a legal cause of the loss, injury or damage to Moises Ore.

[403.15h] The [next] issues you must decide on Moises Ore's claim against Home Depot, the seller of the ladder, is: whether Home Depot negligently failed to warn about particular risks involved in the use of the ladder, and, if so, whether that failure to warn was a legal cause of the [loss], [injury] [or] [damage] to Moises Ore.

403.17 If the preponderance of the evidence does not support one or more of Moises Ore's claims, your verdict should be for defendants on those claims.

However, if the greater weight of the evidence supports one or more of Moises Ore's claims, then your verdict should be for Moises Ore and against Tricam or Home Depot on those claims.

However, if the preponderance of the evidence supports Moises Ore's claim against one or both of the defendants, then you should decide and write on the verdict form the percentage of the total fault of both defendants that was caused by each of them.

403.18  If, however, the greater weight of the evidence supports one or more of Moises Ore's claims, then you shall consider the defenses raised by defendants.

On the first defense, the issue for you to decide is whether Moises Ore was himself negligent in his use of the ladder and, if so, whether that negligence was a contributing legal cause of the injury or damage to Moises Ore.

[403.19]  If the greater weight of the evidence does not support the defenses of Tricam or Home Depot, and the greater weight of the evidence supports one or more of Moises Ore's claims, then you  should decide  and  write on the verdict form what percentage of the total negligence or responsibility of all defendants was caused by each defendant.

If, however, the greater weight of the evidence shows that both Moises Ore and/or Tire Kingdom and one or more of the defendants were negligent or responsible and that the negligence or responsibility of each contributed as a legal cause of loss, injury or damage sustained by Moises Ore, you should decide and write on the verdict form what percentage of the total negligence or responsibility of all parties to this action and/or Tire Kingdom was caused by each of them.

[501.5a]  If you find that one or more of the defendants caused a bodily injury, and that the injury resulted in an aggravation of an existing disease or physical defect or activation of a latent disease or physical defect, you should attempt to decide  what portion  of Moises Ore's condition resulted from the aggravation or activation.  If you can make that determination, then you should award only those damages resulting from the aggravation. However, if you cannot make that determination, or if it cannot be said that the condition would have existed apart from the injury, then you should award damages for the entire condition suffered by Moises Ore.

501.5(b)  You have heard that Moises Ore may have been injured in two events. If you decide that Moises Ore was injured by Tricam Industries, Inc., and Home Depot U.S.A., Inc., and was later injured by another event, then you should try to separate the damages caused by the two events and award Moises Ore money only for those damages caused by Tricam Industries, Inc. However, if you cannot separate some or all of the damages, you must award Moises Ore any damages that you cannot separate as if they were all caused by Tricam Industries, Inc. and Home Depot U.S.A., Inc.

[501.6] If the greater weight of the evidence shows that Moises Ore has been permanently injured, you may consider his life expectancy. The mortality tables received in evidence may be considered in determining how long Moises Ore may be expected to live. Mortality tables are not binding on you but may be considered together with other evidence in the case bearing on Moises Ore's health, age and physical condition, before and after the injury, in determining the probable length of his life.

[501.7] Any amount of damages which you allow for future medical expenses or loss of ability to earn money in the future should be reduced to its present money value and only the present money value of these future economic damages should be included in your verdict.

The present money value of future economic damages is the sum of money needed now which, together with what that sum will earn in the future, will compensate Moises Ore for these losses as they are actually experienced in future years.

[501.8] You should not reduce the amount of compensation to which Moises Ore is otherwise entitled on account of wages, medical insurance payments or other benefits which the evidence shows Plaintiff received from her employer, insurance company or some other source. The court will reduce as necessary the amount of compensation to which Moises Ore is entitled on account of any such payments.
[601.4] In your deliberations, you will consider and decide four distinct claims. The first is the negligence claims against Tricam.  The second is the negligence claim against Home Depot.  The third is the product defect claim against Tricam.  The fourth is the product defect claim against Home Depot. Although these claims have been tried together, each is separate from the others, and each party is entitled to have you separately consider each claim as it affects that party. Therefore, in your deliberations, you should consider the evidence as it relates to each claim separately, as you would had each claim been tried before you separately.

CASE NO.:  0:14-cv-60269- Scola/ Valle

In this case, Moises Ore first claims that that Tricam and Home Depot are strictly liable for his loss because the accident ladder contained a manufacturing defect, which caused him harm.

A product is unreasonably dangerous because of a manufacturing defect if it is different from its intended design and fails to perform as safely as the intended design would have performed.

A product is defective because of a manufacturing defect if it is in a condition unreasonably dangerous to the user and the product is expected to and does reach the user or consumer without substantial change affecting that condition.

The issues you must decide on the strict liability claims of Moises Ore against Tricam and Home Depot are whether (1) the accident ladder was made differently than its intended design and thereby failed to perform as safely as intended (2) and the accident ladder reached Moises Ore without substantial change affecting the condition (3) and, if so, whether that failure was a legal cause of the loss to Moises Ore.

Tricam and Home Depot admit that the rivet that forms the hinge joint on the back of the accident ladder where the rear rail meets the top cap on the right side was placed 11 mm out of specification; however, Tricam and Home Depot dispute (1) that the accident ladder failed to perform as safely as intended, (2) that the accident ladder reached Moises Ore without substantial change affecting the condition, and (3) that the failure was a legal cause of loss to Moises Ore.

Moises Ore next claims that Tricam was negligent in manufacturing the accident ladder and that Home Depot was negligent in selling the ladder, which caused him harm.

CASE NO.:  0:14-cv-60269- Scola/ Valle

Negligence is the failure to use reasonable care, which is the care that a reasonably careful manufacturer and seller would use under like circumstances. Negligence is doing something that a reasonably careful manufacturer and seller would not do under like circumstances or failing to do something that a reasonably careful manufacturer or seller would do under like circumstances.

A defect in a product is a legal cause of loss if it directly and in natural and continuous sequence produces or contributes substantially to producing such loss, so that it can reasonably be said that, but for the defect, the loss would not have occurred.

Negligence is a legal cause of loss if it directly and in natural and continuous sequence produces or contributes substantially to producing such loss, so that it can reasonably be said that, but for the negligence, the loss would not have occurred.

In order to be regarded as a legal cause of loss, a defect in a product or negligence need not be the only cause. A defect in a product or negligence may be a legal cause of loss even though it operates in combination with some other cause if the defect or negligence contributes substantially to producing such loss.

The issues you must decide on the negligence claim of Moises Ore against Tricam is whether Tricam was negligent in manufacturing the accident ladder and if so, whether that was a legal cause of loss to Moises Ore.

The issues you must decide on the negligence claim of Moises Ore against Home Depot is whether it was negligent in selling the ladder,  and if so,  whether that was a legal cause of loss to Moises Ore.


**3.7.2  Responsibility for Proof – Affirmative Defense**
       **Preponderance of the Evidence**

CASE NO.:  0:14-cv-60269- Scola/ Valle

In this case, Tricam and Home Depot each raise two affirmative defenses. The first defense is the comparative negligence of Moises Ore. **The second defense is the comparative negligence, fault, or responsibility of Moises Ore's employer, Tire Kingdom.**

I caution you that Tricam and Home Depot do not have to disprove Moises Ore's claims, but if Tricam and Home Depot each raise an affirmative defense, the only way they can prevail on that specific defense is if they each prove that defense by a preponderance of the evidence.

On the first defense of Tricam and Home Depot, the issues for you to decide are whether Moises Ore was himself negligent in his use of the accident ladder, and if so, whether that negligence was a contributing legal cause of the injury or damage to Moises Ore.

**On the second defense, the issues for you to decide are whether Moises Ore's employer, Tire Kingdom, was negligent, at fault, or responsible in not providing the shop with a rolling ladder in compliance with its own safety policy, and not taking the accident ladder out of service due to wear and tear and pre-accident damage; and, if so, whether that negligence, fault or responsibility was a contributing legal cause of loss to Moises Ore.**

The definitions and explanations given a moment ago concerning the terms "negligence" and "legal cause" also apply with regard to Tricam and Home Depot's affirmative defenses.

**If you find for Plaintiff, then you will consider the issue of Mr. Ore's damages. You should award Mr. Ore an amount of money that the preponderance of the evidence shows will fairly and adequately compensate him for such damage. You shall consider the following elements:**

**a. The reasonable expense of hospitalization and medical care and treatment necessarily or reasonably obtained by Moises Ore in the past, or to be so obtained in the future.**

CASE NO.:  0:14-cv-60269- Scola/ Valle

**b. Any bodily injury sustained by Moses Ore and any resulting pain and suffering, disability or physical impairment, disfigurement, mental anguish, inconvenience or loss of capacity for the enjoyment of life experienced in the past, or to be experienced in the future. There is no exact standard for measuring such damage. The amount should be fair and just, in the light of the evidence.**

**c. Any earnings lost in the past, and any loss of ability to earn money in the future.**

**In determining the total amount of damages, you should not make any reduction because of the negligence, if any, of Moises Ore or Tire Kingdom. The court will enter a judgment based on your verdict and, if you find that Moises Ore and/or Tire Kingdom were negligent in any degree, the court, in entering judgment, will reduce the total amount of damages by the percentage of negligence, which you find was caused by them.**

**If the greater weight of the evidence shows that Mr. Ore has been permanently injured, you may consider his life expectancy. The mortality tables received in evidence may be considered in determining how long Mr. Ore may be expected to live. Mortality tables are not binding on you, but may be considered together with other evidence in the case bearing on Mr. Ore's health, age and physical condition, before and after the injury, in determining the probable length of his life.**

**Any amount of damages which you allow for future medical expenses or loss of ability to earn money in the future should be reduced to its present money value, and only the present money value of these future economic damages should be included in your verdict. The present money value of future economic damages is the sum of money needed now which, together with what that sum will earn in the future, will compensate Mr. Ore for these losses as they are actually experienced in future years.**

**3.8.1 Duty to Deliberate When Only the Plaintiff Claims Damages**

Of course, the fact that I have given you instructions concerning the issue of Moises Ore's damages should not be interpreted in any way as an indication that I believe that the Moises Ore should, or should not, prevail in this case.

Your verdict must be unanimous – in other words, you must all agree. Your deliberations are secret, and you'll never have to explain your verdict to anyone.

Each of you must decide the case for yourself, but only after fully considering the evidence with the other jurors. So you must discuss the case with one another and try to reach an agreement. While you're discussing the case, don't hesitate to reexamine your own opinion and change your mind if you become convinced that you were wrong. But don't give up your honest beliefs just because others think differently or because you simply want to get the case over with.

Remember that, in a very real way, you're judges – judges of the facts. Your only interest is to seek the truth from the evidence in the case.

**3.9 Election of Foreperson Explanation of Verdict Form[s]**

When you get to the jury room, choose one of your members to act as foreperson. The foreperson will direct your deliberations and speak for you in court.

A verdict form has been prepared for your convenience.

[Explain verdict]

Take the verdict form with you to the jury room. When you've all agreed on the verdict, your foreperson must fill in the form, sign it and date it. Then you'll return it to the courtroom.

If you wish to communicate with me at any time, please write down your message or question and give it to the court security officer. The court security officer will bring it to me and I'll respond as promptly as possible – either in writing or by talking to you in the courtroom. Please understand that I may have to talk to the lawyers and the parties before I respond to your question or message, so you should be patient as you await my response. But I caution you not to tell me how many jurors have voted one way or the other at that time. That type of information should remain in the jury room and not be shared with anyone, including me, in your note or question.