IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF FLORIDA

CASE NO.:  0:14-cv-60269-Scola/Otazo-Reyes

MOISES ORE,

    Plaintiff,

vs.

TRICAM INDUSTRIES, INC., a foreign corporation, and HOME DEPOT U.S.A., INC. a foreign corporation,

    Defendants.
_____/

## AMENDED JOINT FINAL PRETRIAL STIPULATION

In accordance with Local Rule 16.1(e), Plaintiffs, MOISES ORE and NOEMI ORE, and Defendants, TRICAM INDUSTRIES, INC., ("TRICAM) and HOME DEPOT USA, INC. ("HOME DEPOT"), submit the following Amended Joint Pretrial Stipulation as follows:

**1.**  **STATEMENT OF THE CASE:**

**Plaintiffs:**  Moises Ore claims that on April 6, 2012 he was injured as he attempted to use a 12 foot Husky brand step ladder to retrieve a tire from a rack at his job at Tire Kingdom.  The ladder was manufactured by Tricam Industries, Inc., at the direction of Home Depot USA, Inc. and sold by Home Depot USA, Inc.

Mr. Ore alleges that the ladder contained a manufacturing defect because three holes were drilled for the placement of three rivets in the right rear rail of the ladder approximately 11 mm out of position.  Mr. Ore alleges that ladder was assembled with three rivets placed through the

Case No.     0:14-cv-60269-Scola/Otazo-Reyes

holes approximately 11 mm out of position and, as a result of the manufacturing defect, the rivet that formed the hinge joint at the top of the ladder where the right rear rail meets the top failed as he used the ladder to retrieve tires.

Mr. Ore alleges that the ladder was unreasonably dangerous in its original condition based upon the manufacturing defect and that both Tricam Industries, Inc., and Home Depot USA, Inc., were also negligent in the manufacturing of the ladder based upon the creation of the manufacturing defect involving the misplacement of holes and rivets in the right rear rail of the ladder approximately 11 mm out of position, failing to inspect the ladder to discover the manufacturing defect involving the misplacement of holes and rivets in the right rear rail of the ladder before the ladder was sold and failing to warn Mr. Ore about the manufacturing defect involving the misplacement of holes and rivets in the right rear rail of the ladder before the ladder was sold.

Mr. Ore alleges that he attempted to use the ladder to retrieve tires in the back of a Tire Kingdom store where he worked as the ladder was intended to be used by both Tricam Industries, Inc., and Home Depot USA, Inc.

Mr. Ore alleges that, as he attempted to use the ladder, he was injured when the rivet that formed the hinge joint fractured and failed due to fatigue because of the manufacturing defect and/or the negligence of the defendants as he was using the ladder causing him to be injured.

Tricam Industries, Inc., and Home Depot USA, Inc., admit that the ladder contains the manufacturing defect alleged by Mr. Ore involving the misplacement of three holes and three rivets in the right rear rail of the ladder approximately 11 mm out of position.

Case No.      0:14-cv-60269-Scola/Otazo-Reyes

Tricam Industries, Inc., and Home Depot USA, Inc., admit that the manufacturing defect caused the rivet that forms the hinge joint between the right rear rail and the top cap to fracture and fail due to fatigue because of the manufacturing defect and negligence alleged by Mr. Ore involving the misplacement of three holes and three rivets in the right rear rail of the ladder approximately 11 mm out of position.

**Defendants:**   This is a lawsuit stemming from an accident which occurred on April 6, 2012, when Mr. Ore fell from a 12-foot fiberglass Husky brand step ladder in the course and scope of his employment with Tire Kingdom.  Plaintiffs' Complaint alleges claims against Defendants for design defect, manufacturing defect, and failure to warn; however, the only claim now pending and to be tried to a jury is the manufacturing defect claim. With respect to the manufacturing defect claim, Defendants have conceded that the rivet that forms the hinge joint on the back of the accident step ladder where the rear rail meets the top cap on the right side was placed 11 mm out of specification; however, Defendants dispute that this deviation from design rendered the accident step ladder unreasonably dangerous, or that this manufacturing "defect" was a proximate cause of Mr. Ore's accident.

TRICAM and HOME DEPOT deny the nature and extent of the damages claimed by the Plaintiffs.  TRICAM and HOME DEPOT also contend that Tire Kingdom and MOISES ORE were negligent and that such negligence was the sole cause of the accident.

As it relates to damages, in late August, 2015, Plaintiff sustained multiple strokes, seizures and other medical conditions that are completely unrelated to the ladder accident.  Plaintiff is

Case No.        0:14-cv-60269-Scola/Otazo-Reyes

unable to work as a result of these strokes, seizures and other medical conditions, completely unrelated to the ladder accident.

**1.      BASIS OF FEDERAL JURISDICTION:**

The Court has original jurisdiction of this action pursuant to 28 U.S.C. §1332(a).

**3.      PLEADINGS RAISING THE ISSUES:**

Complaint for Damages [DE 1] and Answer and Affirmative Defenses [DE 4].

**4.      PENDING MOTIONS:**

- Plaintiff's Motion in Limine [DE 86]
- Plaintiff's Daubert Motion [DE 87]
- Plaintiff's Objection to Daubert Order [DE 149]
- Defendants' Objections to Daubert Order [DE 152]
- Defendants' Response to Plaintiff's Objections to Daubert Order [DE 153]
- Plaintiff's Response to Defendant's Objections to Daubert Order [DE 161]
- Defendants' Motion in Limine [DE 88]
- Defendants' Motion to Strike Cross-Examination of Defendants' Expert, Stephen Brown, MD, at Update Videotaped Deposition for Trial [DE 213]
- Order on Defendants' Motion to Strike Cross-Examination of Defenants' Expert, Stephen Brown, M.D., at Update Videotaped Deposition for Trial [242]

**5.      UNCONTESTED/STIPULATED FACTS:**

a.   TRICAM designed and contract manufactured the ladder being used by MOISES ORE. TRICAM sold the accident model ladder exclusively to HOME DEPOT.

b.   The ladder was a "Husky" brand 12-foot fiberglass stepladder.

c.   The right rear rail's assembly contained a manufacturing defect. The backer plate's and pivot rivet's punched holes were 11 mm "too far" from the end of the right rear rail.

d.   The accident happened on April 6, 2012 while MOISES ORE was acting in the course and scope of his employment with Tire Kingdom.

Case No.   0:14-cv-60269-Scola/Otazo-Reyes

    e.    Tire Kingdom owned the ladder.

    f.    MOISES ORE sustained injures in a fall from the ladder.

    g.    The parties stipulate to authenticity of records obtained by subpoena in this case without the need to call records custodians, but all other objections are reserved.

**6.  ISSUES OF FACT WHICH REMAIN TO BE LITIGATED AT TRIAL:**

    a.    Negligence of TRICAM, if any

    b.    Negligence of HOME DEPOT, if any.

    c.    Negligence of MOISES ORE, if any.

    d.    Negligence of Tire Kingdom, if any

    e.    Proximate cause.

    f.    Plaintiffs' damages.

**7.  ISSUES OF LAW ON WHICH THERE IS AGREEMENT:**

The parties agree that substantive law of Florida shall apply to MOISES ORE's product liability claims and the affirmative defenses of TRICAM and HOME DEPOT.

**8.  ISSUES OF LAW WHICH REMAIN FOR DETERMINATION:**

None.

**9.  TRIAL EXHIBITS:**

Plaintiffs' list of exhibits is attached hereto as Exhibit "A", along with any Defense objections. Defendants' list of exhibits is attached hereto as Exhibit "B", along with any Plaintiff objections.

**10.  TRIAL WITNESSES:**

Plaintiffs' list of witnesses is attached hereto as Exhibit "C", along with any Defense objections. Defendants' list of witnesses is attached hereto as Exhibit "D", along with any Plaintiff objections.

Case No.        0:14-cv-60269-Scola/Otazo-Reyes

**11.   ESTIMATED TIME OF TRIAL:**

6 days.

**12.   ESTIMATE OF ATTORNEY'S FEES:**

Attorney's fees are not an issue in the case.

BY: s/Samuel A. Coffey                                BY:  s/Jeffrey A. Mowers
    Samuel A. Coffey, Esq.                             Jeffrey A. Mowers, Esq.
    Coffey Trial Law                                    Lewis Brisbois Bisgaard & Smith LLP
    500 N.E. 4th Street                                 110 S 6th Street, Suite 2600
    Suite 100                                           Ft. Lauderdale, Florida 33301
    Ft. Lauderdale, Florida 33301                       Telephone: 954-728-1280
    (754) 301-2431 - Direct                             Facsimile:   954-728-1282
    (954) 541-3194 - Main                               Attorneys for Defendant
    (954) 337-0131 - Fax                                Email: jmowers@lbbslaw.com
    Attorneys for Plaintiff                                 Rona.solis@lewisbrisbois.com
    Email: pleadings@ct-law.com                             ftlemaildesig@lewisbrisbois.com

Case Number:09-23463-CIV-HOEVELER

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on May 30, 2017, I electronically filed the foregoing document with the Clerk of the Court using CM/ECF. I also certify that the foregoing document is being served on all counsel of record or pro se parties identified on the attached Service List in the manner specified, either via transmission of Notices of Electronic Filing generated by CM/ECF or in some other authorized manner for those counsel or parties who are not authorized to receive electronically Notices of Electronic Filing.

**COFFEY TRIAL LAW**
*Attorney for Plaintiff*
500 N.E. 4th Street
Suite 100
Ft. Lauderdale, Florida 33301
(754) 301-2431 - Direct
(954) 541-3194 - Main
(954) 780-8668 - Fax
pleadings@ct-law.com

BY: _____
SAMUEL A. COFFEY, ESQ.
FLORIDA BAR NO. 71838

Case Number:09-23463-CIV-HOEVELER

# SERVICE LIST

Moises Ore and Noemi Ore v. Tricam Industries and Home Depot USA, Inc.
Case No. 14-CV-60269-RNS
United States District Court, Southern District of Florida

**Samuel A. Coffey, Esq.**
**COFFEY TRIAL LAW**
*Attorney for Plaintiff*
500 N.E. 4th Street
Suite 100
Ft. Lauderdale, Florida 33301
(754) 301-2431 - Direct
(954) 541-3194 - Main
(954) 780-8668 - Fax
pleadings@ct-law.com

**Jeffrey A. Mowers, Esq.**
**LEWIS BRISBOIS BISGAARD & SMITH, LLP**
*Attorney for Defendants*
110 SE 6 Street
Suite 2600
Ft. Lauderdale, FL 33301
Tele:  (954) 728-1280
Fax:  (954) 728-1282
jmowers@lbbslaw.com
Rsolis@llbslaw.com

**Paul V. Kaulas, Esq.**
**MCVEY & PARSKY, LLC**
*Co-Counsel for Defendants*
30 N. LaSalle Street
Suite 2100
Chicago, IL 60602
Tele:  (321) 551-7668
pvk@mcveyparsky-law.com

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF FLORIDA

CASE NO.: 0:14-cv-60269-Scola/Otazo-Reyes

MOISES ORE and NOEMI ORE, his wife,

    Plaintiffs,

vs.

TRICAM INDUSTRIES, INC., a foreign
Corporation, and HOME DEPOT U.S.A., INC.
a foreign corporation,

    Defendants.
_____/

## PLAINTIFF'S FOURTH SUPPLEMENTAL EXHIBIT LIST

| PRESIDING JUDGE Robert N. Scola, Jr. | PLAINTIFF'S ATTORNEY Samuel A. Coffey | DEFENDANTS' ATTORNEY Jeffrey A. Mowers |
|---|---|---|
| TRIAL DATE(S) 06/26/2017 – 07/07/2017 | COURT REPORTER | COURTROOM DEPUTY |

| PLF NO. | DATED IDENTIFIED | OBJECTIONS | DESCRIPTION OF EXHIBITS |
|---|---|---|---|
| P-1 | | Stipulate to authenticity, R | Medical Records of Total Orthopeadic Care Physical Therapy (Medical Provider). |
| P-2 | | Stipulate to authenticity, R | Records from Memorial Regional Hospital. |
| P-3 | | Stipulate to authenticity, R | Records from CVS Pharmacy |
| P-4 | | Stipulate to authenticity, R | Records from Signet Diagnostic Imaging Services (Medical Provider). |
| P-5 | | Stipulate to authenticity, R | Records from Weston Outpatient Surgical Center (Medical Provider). |
| P-6 | | Stipulate to authenticity, R | Records from Midtown Imaging (Medical Provider). |
| P-7 | | Stipulate to authenticity, R | Medical Records from Eye Surgery Associates. |
| P-8 | | Stipulate to authenticity, R | Records from Pembroke Pines Fire Rescue. |



4841-4140-7781.1

| | | | |
|---|---|---|---|
| P-9 | | Stipulate to authenticity, R | Medical Records from Barney Greenberg, D.P.M. |
| P-10 | | Stipulate to authenticity, R | Medical Records from Sunrise Medical Group. |
| P-11 | | Stipulate to authenticity, R | Medical Records from Andrew S. Ellowitz, M.D. |
| P-12 | | Stipulate to authenticity, R | Medical Records from South Florida Eye Institute. |
| P-13 | | Stipulate to authenticity, R | Medical Records from Guillermo A. Pasarin, M.D. |
| P-14 | | Stipulate to authenticity, R | Medical Records from Jessica E. Rivera, Psy.D. |
| P-15 | | Stipulate to authenticity, R | Medical Records from Memorial Neuroscience Center – Dr. Alexander Poisik. |
| P-16 | | | Ladder which is the subject of this lawsuit. |
| P-17 | | | Photographs of Plaintiff's injuries. |
| P-18 | | Foundation | Photographs of the ladder which is the subject of this lawsuit. |
| P-19 | | Stipulate to authenticity, R | Plaintiff's W-2's for 2009 through 2013. |
| P-20 | | Stipulate to authenticity, R | Income tax returns for 2012 and 2016. |
| P-21 | | R | Tire Kingdom Monthly Store Safety Meeting Notes and Audit form. |
| P-22 | | | Exhibits A through W to the deposition of Moises Ore. |
| P-23 | | | Sedgwick CMS Workers' Compensation Lien as of 8/6/2015. |
| P-24 | | | Employment records of Moises Ore from Tire Kingdom. |
| P-25 | | See objections to Frias designations, foundation | Exhibits X1, X2, X3, X4, X5, X6, X7, X8, X9, X10, Y1, Y2, Y3, Y4, Z1, Z2, AA to the deposition of Ivan Frias. |
| P-26 | | R, stipulate to defect | Exhibit 6 to the deposition of Dennis Simpson. |
| P-27 | | Lack of specificity | Copies of all documents produced by Defendant in |

4841-4140-7781.1

| | | | |
|---|---|---|---|
| | | | response to Requests for Production. |
| P-28 | | | Exhibits 1, 2, and 3 to the deposition of Thomas J. Cox. |
| P-29 | | | Exhibits 1, 2, 3 and 4 to the deposition of Yomayra Goicoaechea. |
| P-30 | | R, stipulate to defect | Plans for the type 1A – 12' Ladder. |
| P-31 | | Lack of specificity | Such other and further impeachment or rebuttal exhibits that may be developed or may become necessary. |
| P-32 | | Lack of specificity | All exhibits listed on the Defendants' exhibit lists. |
| P-33 | | Lack of specificity | All exhibits to depositions in this cause. |
| P-34 | | Lack of specificity | All documents and/or materials produced in this cause. |
| P-35 | | Lack of specificity | All exhibits to be used for impeachment or rebuttal purposes. |
| P-36 | | | Medical Records of Dr. Paul Ginsberg. |
| P-37 | | | Literature concerning rolling ladder and/or ladder wheels available for purchase in the market. |
| P-38 | | | Tire dropping video. |
| P-39 | | | Rolling Ladder and/or ladder wheels. |
| P-40 | | | Exemplar Husky Ladder. |
| P-41 | | | Photos of Accident Ladder taken during Expert inspections by Frank Grate. |
| P-42 | | | Photos of Rolling Ladders. |

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF FLORIDA

CASE NO.: 0:14-cv-60269-Scola/Otazo-Reyes

MOISES ORE and NOEMI ORE, his wife,

    Plaintiffs,

vs.

TRICAM INDUSTRIES, INC., a foreign corporation, and HOME DEPOT U.S.A., INC. a foreign corporation,

    Defendants.
    _____/

## DEFENDANTS EXHIBIT LIST

| PRESIDING JUDGE<br>Robert N. Scola, Jr. | | | PLAINTIFFS' ATTORNEY.<br>Samuel A. Coffey | DEFENDANT'S ATTORNEY<br>Paul V. Kaulas and<br>Jeffrey A. Mowers |
|---|---|---|---|---|
| TRIAL DATE(S)<br>July 27, 2015 | | | COURT REPORTER | COURTROOM DEPUTY |
| DEF NO. | DATE IDENTIFIED | OBJECTIONS | DESCRIPTION OF EXHIBITS | |
| 1 | | | Accident ladder | |
| 2 | | Daubert motion; 403; UP,R, I | Jon Ver Halen test exemplar ladder | |
| 3 | | 403, UP,R, I, 4 | Plaintiff medical records (composite exhibit of select records) | |
| 4 | | 403, UP,R, I, 4 | Plaintiff medical records (composite exhibit of select records) | |
| 5 | | 403, UP,R,I, 4 | Plaintiff's Tire Kingdom employment records (composite exhibit select records) | |
| 6 | | Motion in Limine 403, 609, UP, R, I, 4 | Plaintiff criminal court records (composite exhibit select records) | |
| 7 | | 403, R, I, UP, 4 | OSHA Regulations on ladders (1910) | |
| 8 | | 403, R, I, UP, 4 | Tire Kingdom Shop Safety Policy #104 | |
| 9 | | Daubert Motion 403, R, UP | Jon Ver Halen video test at Frank Grate's lab | |



4821-3485-5717.1

| | | | |
|---|---|---|---|
| 10 | | Daubert Motion 403, R, UP | Jon Ver Halen exemplar test 4/16/2014 |
| 11 | | Daubert Motion 403, R, UP | Jon Ver Halen exemplar test 11/21/2014 |
| 12 | | Daubert Motion 403, R, UP | Jon Ver Halen rebuttal test (Morse) |
| 13 | | Daubert Motion 403, R, UP | Jon Ver Halen "screwdriver test" |
| 14 | | Daubert Motion 403, R, UP | Jon Ver Halen "hammer test" Deposition Exhibit AA to Frias deposition |
| 15 | | | Deposition Exhibits U, T, S, R, Q, N, M, D, W to Plaintiff's deposition (composite exhibit) |
| 16 | | Motion in Limine Rule & Rule 609 403 I | Miramar Police Report re: Darren Klemencic |
| 17 | | | Thomas Cox deposition Exhibit 3 (agreement to transfer possession of ladder) |
| 18 | | | Defense exhibits to Video Deposition of Dr. Andrew Ellowitz |

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF FLORIDA

CASE NO.: 0:14-cv-60269-Scola/Otazo-Reyes

MOISES ORE and NOEMI ORE, his wife,

    Plaintiffs,

vs.

TRICAM INDUSTRIES, INC., a foreign
Corporation, and HOME DEPOT U.S.A., INC.
a foreign corporation,

    Defendants.
_____/

## **PLAINTIFF'S FOURTH AMENDED WITNESS LIST**

| PLF NO. | DEF NO. | DATE OFFERED | MARKED | ADMITTED | WITNESSES |
|---|---|---|---|---|---|
| 1 | | | | | Moises Ore – Expected. |
| 2 | | | | | Jeremy Lyon – Expected. |
| 3 | See Objections to Designations | | | | Paul Ginsberg, M.D. – By Deposition. |
| 4 | See Objections to Designations | | | | Andrew S. Ellowitz, M.D. – By Deposition. |
| 5 | Lack of foundation, Motion in Limine | | | | Jessica E. Rivera, Psy.D. – By Deposition. |
| 6. | See Objections to Designations. | | | | Barney Greenberg, D.P.M. – By Deposition. |
| 7 | Lack of foundation, Motion in Limine | | | | Ira B. Morris, M.H.S. – Expected. |



4841-4140-7781.1

| | | | | | |
|---|---|---|---|---|---|
| 8 | Lack of foundation, Motion in Limine | | | | Oscar J. Padron, CPA – Expected. |
| 9 | | | | | John S. Morse, P.E. – Expected. |
| 10 | R, stipulate to defect | | | | Frank Grate, P.E. – Expected. |
| 11 | R, UP, cumulative | | | | Jean Thony – Expected. |
| 12 | | | | | Robin Brennan – May Call |
| 13 | R, UP, Cumulative | | | | Reinaldo Perez – May Call. |
| 14 | R, UP, Cumulative | | | | Ricardo Estevez – May Call. |
| 15 | R, UP, Cumulative | | | | Melvin Santana – By Deposition. |
| 16 | R, UP, Cumulative | | | | Jose Cancel – May Call. |
| 17 | | | | | Arthur Fishman, M.D. – May Call. |
| 18 | | | | | Mario Berkowitz, M.D. – May Call. |
| 19 | | | | | Eric F. Ciliberti, M.D. – May Call. |
| 20 | See objections to designations | | | | Dr. Guillermo A. Pasarin – By Deposition. |
| 21 | See objections to designations, under subpoena | | | | Thomas J. Cox, Esq. – Expected. |
| 22 | See objections to designations, | | | | Yomayra Goicoechea – By Deposition. |

4841-4140-7781.1

|    |                              |  |  |  |                                                                                                                                                                                  |
|----|------------------------------|--|--|--|----------------------------------------------------------------------------------------------------------------------------------------------------------------------------------|
|    | under subpoena               |  |  |  |                                                                                                                                                                                  |
| 23 | See objections to designations |  |  |  | Elizabeth Klatt – By Deposition.                                                                                                                                                 |
| 24 | See objections to designations |  |  |  | Ivan Frias – By Deposition.                                                                                                                                                      |
| 25 | Lack of specificity          |  |  |  | All health care providers who provided care and/or treatment to Moises Ore.                                                                                                      |
| 26 | Lack of specificity          |  |  |  | All witnesses to be called for impeachment or rebuttal purposes.                                                                                                                 |
| 27 | Lack of specificity          |  |  |  | All witnesses whose depositions have been or will be taken in this cause.                                                                                                        |
| 28 | Lack of specificity          |  |  |  | All treating health care providers of Moises Ore who are expected to testify as to their examinations, testing, diagnoses, treatment, prognosis, and expenses for the treatment of Moises Ore. |
| 29 | Lack of specificity          |  |  |  | Any and all witnesses named in Answers to Interrogatories,                                                                                                                       |

4841-4140-7781.1

|    |                          |  |  |  |                                                                                                                           |
|----|--------------------------|--|--|--|---------------------------------------------------------------------------------------------------------------------------|
|    |                          |  |  |  | depositions, and named in material produced in response to Requests to Produce.                                            |
| 30 | Lack of specificity      |  |  |  | Records custodians for any exhibit on the Plaintiff's exhibit list.                                                       |
| 31 | Stipulate to authenticity |  |  |  | Records custodians for all documents received pursuant to production from non-parties and/or copies requested thereof. |

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF FLORIDA

CASE NO.: 0:14-cv-60269-Scola/Otazo-Reyes

MOISES ORE and NOEMI ORE, his wife,

    Plaintiffs,

vs.

TRICAM INDUSTRIES, INC., a foreign corporation, and HOME DEPOT U.S.A., INC. a foreign corporation,

    Defendants.
_____/

## DEFENDANTS' WITNESS LIST

| Moises Ore and Noemi Ore v. Tricam Industries and Home Depot, USA | | | | | CASE NO. 14-cv-60269-Scola/Otazo-Reyes |
|---|---|---|---|---|---|
| PLF. NO. | DEF. NO. | DATE OFFERED | MARKED | ADMITTED | WITNESSES |
| | 1 | | | | Dennis Simpson<br>℅ Tricam Industries, Inc.<br>Eden Prairie, Minnesota |
| | 2 | | | | Thomas Cox, III, Esq.<br>Patriot Guarantee Insurance Company<br>401 East Las Olas Blvd.<br>Ft. Lauderdale, FL |
| | 3 | | | | Yomayra Goicoechea<br>Tire Battery Corporation<br>4300 TBC Way<br>Palm Beach Gardens, FL 33410 |
| | 4 | | | | Robin Brennan<br>7901 NW 13th Street<br>Pembroke Pines, FL 33024 |
| | 5 | | | | Darren E. Klemencic<br>550 SW 130th Avenue<br>Southwest Ranches, FL 33330 |
| | 6 | | | | Records Custodian for TBC Retain Group<br>1201 Hays Street<br>Tallahassee, FL 32301 |
| | 7 | | | | Records Custodian for Memorial Regional Hospital<br>3501 Johnson Street<br>Hollywood, FL 33021<br>(954) 276-5501PH |



EXHIBIT D

4811-4113-3349.1

| | | | | |
|---|---|---|---|---|
| 8 | | | | Jon Ver Halen - Expert<br>Ver Halen Engineering, P.C.<br>7200 Harvard<br>Forest Park, IL 60130 |
| 9 | | | | Rolando Garcia, MD - Expert<br>Orthopedic Care Center<br>21000 NE 28th Avenue<br>Suite 104<br>Aventura, FL 33189 |
| 10 | | | | Stephen Brown, MD - Expert<br>IMI Consulting, Inc.<br>314 East Dania Beach Blvd.<br>#141<br>Dania Beach, FL 33004 |